J. L. SPURLIN ET AL. V. STATE OF TEXAS, F. M. GRAVES, RELATOR.

Decided June 10, 1908.

1.—Municipal Corporation—Creation—Area and Population.

The incorporation, in 1907, under the general law, of a town embracing four square miles of territory, with a population of less than two thousand inhabitants was illegal (Rev. Stats., art. 386a).

2.—Same—Repeal—Re-enactment.

Article 386a, Revised Statutes, was not repealed by the Act of May, 1897 (Laws, 25th Leg., p. 193), since their provisions can be reconciled, but if repealed, the provision of art. 386a prohibiting incorporation of more than two square miles of territory with a population of less than two thousand was re-enacted by the Act of March 31, 1903 (Laws, 28th Leg., p. 116).

3.—Incorporation—Election Order—Judicial Review.

The action of the county judge in ordering an election for and the election creating an incorporated town are not conclusive as to its conformity with the law prescribing the limits of boundary with relation to inhabitants; such question, and the consequent lawfulness of the incorporation, are subject to judicial review upon quo warranto. Ewing v. State, 81 Texas, 176, followed.

Appeal from the District Court of Hamilton County. Tried below before Hon. N. R. Lindsey.

Langford & Chesley, R. Q. Murphree and A. R. Eidson, for appellant.—When a town or village contains more than five hundred and less than ten thousand inhabitants it may be incorporated as such town or village, including in such town or village no territory except that

which is intended to be used for strictly town purposes. Art. 580, Sayles' Civil Statutes; State v. Hoard, 62 S. W., 1055; State v. Merchant, 85 S. W., 483; Merritt v. State, 94 S. W., 375; State v. Town of Baird, 79 Texas, 63; McClesky v. State, 4 Texas Civ. App., 322.

*J. H. McMillan,* District Attorney, for State.

*P. M. Rice* and *J. L. Lewis,* for relator Graves.—The court did not err in holding that there was no authority for creating a town or village containing a superficial area of four square miles when such territory contained less than two thousand inhabitants. Sayles' Civ. Stats., Supp., arts. 386a, 580a, Acts of 1903, p. 116.

FISHER, CHIEF JUSTICE.—This is a quo warranto proceeding by the State at the relation of Graves, to abolish and vacate the municipal corporation of the city of Hamilton, and to annul the authority of the city officers to act as officers of the supposed municipal government. The case was tried before the court without a jury, and judgment rendered in accordance with the plaintiff's prayer, from which judgment the appellants have appealed. The findings of fact and conclusions of law of the trial judge are as follows:

*"Findings of fact.*—1st. On the 14th day of February, 1907, there was filed with A. E. Scott, County Judge, a petition signed by twenty-six resident citizens of the territory described in said petition, who were qualified voters and electors therein, which said petition is as follows:

" 'The State of Texas, County of Hamilton.

" 'To the Hon. A. E. Scott, county judge of Hamilton County, Texas: Now come the undersigned petitioners and represent to your Honor as follows:

" '1. That they are each qualified electors under the constitution of the laws of the State of Texas, and are each qualified voters under art. 583, chapter 11, title 18, of the Revised Statutes of the State of Texas.

" '2. That they are resident citizens of the town of Hamilton, in Hamilton County, Texas, residing within the hereinafter described territory.

" '3. That they are desirous of incorporating the hereinafter described territory under the provisions of the Revised Statutes of the State of Texas, such corporation to be known as "the town of Hamilton."

" '4. That the territory herein described contains more than five hundred inhabitants and less than ten thousand inhabitants.

" 'That the territory embraced within the boundaries herein described and sought to be incorporated is intended to be used strictly for town purposes, and that said territory is meted and bounded as follows: Beginning N. 19 E. 1900 8-10 vrs. from the center of the courthouse square; thence N. 71 W. 1900 8-10 vrs. to the N.-W. corner of said incorporation; thence S. 19 W. 3801 6-10 vrs. to the S.-W. cor-

ner of said incorporation; thence S. 71 E. 3801 6-10 vrs. to the S.-E. corner of said incorporation; thence N. 19 E. 3801 6-10 vrs. to the N'.-E. corner of said incorporation; thence N. 71 W. 1900 8-10 vrs. to the place of beginning.

" '6.   Premises considered, petitioners pray your Honor to make an order for holding an election for the purpose of submitting the question to a vote of the people residing within the said described territory.

" 'Respectfully submitted,

| | | |
|---|---|---|
| " 'E. R. Williams, | A. R. Eidson, | John L. Spurlin, |
| John R. Eidson, | C. E. Horton, | A. H. Williams, |
| A. E. Perry, | J. T. James, | G. H. Boynton, |
| J. T. Dempster, | B. F. Watson, | H. E. Chesley, |
| C. W. Cotton, | W. S. Graves, | W. M. Moore, |
| J. C. Crews, | J. B. Winn, | W. M. Secrest, |
| J. M. Williams, | C. R. Taylor, | R. F. Scoggin, |
| J. E. Secrest, | Geo. F. Perry, | E. F. Catterton.' |
| Joe E. Williams, | B. W. McKenzie, | |

"2d.   That the county judge did not hear proof, or find or ascertain the particular of specific number of inhabitants in said territory, but that he acted on and made the order for the election upon the following affidavit, which was all the proof he heard:

" 'The State of Texas, County of Hamilton.

" 'Before me, the undersigned authority in and for Hamilton County, Texas, on this day personally appeared F. C. Williams, who, after being by me duly sworn, states and deposes as follows: That the territory described in the hereto attached petition contains more than five hundred and less than ten thousand inhabitants, and that the signers to said petition are all qualified electors under the Constitution and laws of the State of Texas, and are each qualified voters under article 583, chapter 11, title 18, of the Revised Statutes of the State of Texas.

" 'F. C. Williams.

" 'Subscribed and sworn to before me this 14th day of February, A. D. 1907.                                    ' A. E. Scott,

" 'County Judge in and for Hamilton County, Texas.'

"3d.   The county judge ordered said election by making the following endorsement on the petition for the same: 'Petition received, examined and granted on this the 15th day of February, 1907, and an election ordered as prayed for, to be held on the 27th day of February, 1907, at the courthouse in Hamilton County, Texas, and F. C. Williams is hereby appointed presiding officer to hold said election and make due return thereof.   2-15-'07.

" 'A. E. Scott,

" 'County Judge, Hamilton County, Texas.'

"4th.   That said election was held on the 27th of February, 1907, and the proper order entered declaring the result, and afterwards the respondents were elected and appointed to the several offices claimed by them, as set out in plaintiff's first amended original petition, and

have been, since their qualification of the 2d of April, 1907, exercising all the powers and authority incident or appertaining to such offices in a legally incorporated town or village, as alleged in plaintiffs' petition.

"5th. I find that, at the time the election was ordered and held, the territory contained more than one thousand inhabitants and less than two thousand inhabitants, and that the petition for said election described a superficial area of four square miles.

"6th. I find that said territory contained —— acres of agricultural and pasturage lands, but find that the State and relator failed to show the said territory described in said petition was not intended for strictly town purposes.

"7th. I also find that F. M. Graves is a resident citizen and tax-payer in said territory.

"*Conclusions of law.*—From the above and foregoing facts I deduce the following conclusions of law applicable to such facts, and dispose of this case upon said conclusions:

"1st. I hold that the burden of proof is on the State and relator in the case, and have applied that rule in the decision hereof.

"2d. That the petition should have been signed by at least fifty qualified voters, residents of said territory, in accordance with article 385, title 18, Sayles' Civil Statutes, the territory described containing one thousand inhabitants and less than two thousand inhabitants.

"3d. That it was the duty of the county judge to hear proof and ascertain definitely as to the particular number of inhabitants in the proposed territory, and make a finding as to such number; in the opinion of the court it is not sufficient for the judge to pass alone on the affidavit, but must hear some proof, and upon said proof make his finding, and until he did this he had no right under the law to order the election.

"4th. I also conclude that there is no authority in the law to incorporate four square miles of territory when such territory contains less than two thousand inhabitants, and so finding the above facts, and thus concluding as to the law, I hold that the attempted incorporation of said town of Hamilton is invalid, and render judgment accordingly."

*Opinion.*—In affirming the judgment it is not necessary that we should formally pass upon all of the conclusions of law of the trial court; nor is it necessary that we should express any opinion as to whether he is right or wrong in all the conclusions reached, but the ruling that, as the territory embraced in the corporate limits contains less than two thousand inhabitants, the incorporation was illegal, on the ground that it embraced four square miles of territory, we fully approve. It is provided in article 386a of the Revised Civil Statutes that no city or town in this State shall be incorporated under the general laws of this State providing for such incorporations with a superficial area of more than two square miles, when such city or town has less than two thousand inhabitants.

It is contended by the appellants that the Act of the Legislature of 1897, p. 193, repeals this provision just quoted of the Act of 1895. We do not so construe these two statutes, and are of the opinion that they

can be reconciled; but, however, if such effect could be given to the Act of 1897, it was removed by the Act of March 31, 1903, which is to the effect that no town or village shall contain an area exceeding the limits prescribed in article 386a. This being the last law upon the subject, it operates as a re-enactment of the rule announced in article 386a; and if there is any conflict between this article and the Act of 1897, the Act of 1903 would operate as a repeal of the latter Act and a re-enactment of the Act of 1895, known as article 386a.

The act of the county judge in passing upon the petition and ordering an election, followed by an actual election creating the incorporation, would not be conclusive upon this question, as the subject of boundary and the limits prescribed by law is held to be a judicial question which can be passed upon by a court in reviewing the legality of the steps taken to create the municipal government. Ewing v. State, 81 Texas, 176.

The disposition that we make of the case relieves us of the necessity of passing upon appellee's cross-assignments of errors.

For the reasons stated the judgment is affirmed.

*Affirmed.*