**CITY OF WACO et al. v. HIGGINSON.***
(No. 300–3610.)

(Commission of Appeals of Texas, Section B.
Oct. 11, 1922.)

**1. Municipal corporations ⟊46—Extension of city limits held not amendment of charter.**

The extension of the limits of defendant city, within five months after the adoption of a new charter, was not an amendment of the charter within Const. art. 11, § 5, providing that no city charter shall be altered, amended, or repealed oftener than every two years.

**2. Municipal corporations ⟊29(4)—Cities of more than 5,000 may include agricultural land in their limits.**

Cities of more than 5,000 inhabitants may include agricultural lands within their boundaries.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by C. H. Higginson against the City of Waco and others. From a judgment of the Court of Civil Appeals (226 S. W. 1084), affirming a judgment in favor of plaintiff, defendants bring error. Judgment of Court of Civil Appeals reversed, and judgment rendered for defendants.

E. C. Street and Sleeper, Boynton & Kendall, all of Waco, for plaintiffs in error.

O. L. Stribling, of Waco, for defendant in error.

POWELL, J. For a long time prior to December 29, 1913, the city of Waco was a municipal corporation with over 10,000 inhabitants, created and organized under a special act of the Legislature granting it a charter. The latter definitely described and established the territorial limits of that city.

In 1912, the people of Texas adopted the so-called "Home Rule Amendment" to their state Constitution, which amendment reads as follows:

"Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for, that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the state, or of the general laws enacted by the Legislature of this state; * * * and provided further, that no city charter shall be altered, amended or repealed oftener than every two years." Article 11, § 5.

Aforesaid amendment was promptly followed by an enabling act, passed at the regular session of the 33d Legislature in 1913 (Laws 1913, c. 147 [Vernon's Sayles' Ann. Civ.

St. 1914, arts. 1096a–1096i]). This enabling act put aforesaid amendment into effect and provided a method to be employed by cities of the class mentioned in adopting their charters or amending existing ones. The act also contained certain specially enumerated powers, one of which we quote as follows:

"The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter."

Acting under authority of aforesaid enabling act, the people of Waco, on December 29, 1913, at an election held for that purpose, adopted a new charter which had been prepared by a charter committee selected in pursuance of the action of a mass meeting of the citizens of Waco, held for that purpose. In this election no one voted except citizens of the city as it then existed and had existed for a number of years.

The charter adopted by the people, as just set out, provided various methods of extending the limits and boundaries of the city. This could be done at any time under the machinery of the charter. One of these methods involved the passage of an ordinance by the city calling for an extension of its boundaries; the ordering of an election at which the people, not only of the city as it then existed, but of the territory proposed to be added as well, might either adopt or reject the proposed ordinance; giving of at least 20 days' advance notice of the election by proper publication; canvassing of returns, declaring the results, etc.

The method above outlined was adopted by the city of Waco in extending its limits upon the occasion now in question. The ordinance was passed not only by virtue of the charter power itself, but in response to a vote of the people. In adopting the charter on December 29, 1913, the people also passed a resolution instructing their city officers to submit this very extension ordinance to the people as soon as the charter itself had been adopted and put in operation.

The extension ordinance was legally submitted to a vote of all the people of the entire city, including the territory being added, on April 7, 1914. A large majority was cast in favor of the ordinance, and Greater Waco was born.

The city authorities began to exercise jurisdiction over the newly added territory. The lands were assessed for taxes in 1915. C. H. Higginson, defendant in error here, was owner of a great deal of the land added to the city. The city taxes on such land for 1915 amounted to more than $1,700. He instituted suit in the district court at Waco against the city of Waco and its tax col-

---

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied November 8, 1922.

lector, seeking to enjoin them from the collector, seeking to enjoin them from the collection of aforesaid taxes. His suit was based chiefly upon the contention that the election of April 7, 1914, adding his land to the city, was void because such extension of the city limits was an "amendment" of the charter, and, having been accomplished at an election held less than four months after the charter itself was adopted on December 29, 1913, contravened section 5 of article 11 of our state Constitution, which provides that: "No city charter shall be altered, amended or repealed oftener than every two years."

The case was tried below before the court. The injunction was granted as prayed for, not only as against the collection of the taxes for 1915, but all future years as well.

Upon appeal by the city to the Court of Civil Appeals at Austin, the judgment of the district court was affirmed. See 226 S. W. 1084.

Upon application therefor by the city, the Supreme Court granted a writ of error.

[1] If the extension of the city limits at the election of April 7, 1914, was in fact an "amendment" to the city charter, the election was void as being held less than two years after December 29, 1913. The election is not attacked upon any other ground. Its regularity and full compliance with the charter provisions are conceded. Did this extension of the boundaries of the city constitute an amendment to its charter? This is the controlling question in the case and was answered in the affirmative by both the trial court and Court of Civil Appeals.

Since the opinion of the Court of Civil Appeals was written, our Supreme Court has definitely settled this question to the contrary, in the very recent case of Eastham v. Steinhagen, 243 S. W. 457. In this case, speaking upon this point, Justice Greenwood said:

"Neither was there any amendment of the 1909 charter by the extension of the boundaries of the city to include part of the Oaks addition in October, 1919. The new territory was added in perfect harmony with the terms of sections 2 and 3 of the charter, which declare that the city's limits should be as set forth in section 2, until changed by annexing adjacent lands in the mode prescribed in section 3. What the city did here was to merely exercise one of its powers under the 1909 charter. It needs no argument to demonstrate that the mere exercise of a power conferred on a city by its charter is not an alteration, amendment, or repeal of the charter."

So it is in this case. The city of Waco merely exercised one of its charter powers in extending its limits on the occasion in question. It did not amend its charter. After the limits were extended, the charter provisions remained the same.

The district court issued its injunction solely upon the ground already discussed. The Court of Civil Appeals affirmed the trial court's judgment upon that ground only. Having concluded they were in error in this principal holding, we do not think it necessary to discuss any other contentions raised by the city. We have concluded that defendant in error was not entitled to the relief sought.

[2] Defendant in error pleaded that one tract of his land containing some 150 acres, embraced in the extension, was unlawfully included because it was suitable and being used for agricultural purposes. The district court refused to hear testimony in support of this allegation, stating that it would be wholly immaterial and irrelevant. The Court of Civil Appeals, in view of its other holdings, found it unnecessary to pass upon this question. We think the trial court ruled correctly in excluding testimony as it did.

It is well settled in this state that cities of more than 5,000 inhabitants may include agricultural lands in their boundaries. See Cohen v. City of Houston (Tex. Civ. App.) 176 S. W. 809; Cohen v. City of Houston (Tex. Civ. App.) 205 S. W. 757. In each of these Cohen Cases the Supreme Court denied a writ of error.

In the latter of the Cohen Cases, the city of Houston had doubled its area, extending its limits a mile or more in each direction. Some two-thirds of these many added tracts of land were agricultural and pasture lands only. But, they were legally included in the city limits. It is but natural that farms must give way to the necessities of large adjoining cities. The cotton field frequently becomes the foundation of a skyscraper.

The trial court should not have issued the injunction. The tracts of land added to the city constituted one contiguous whole, adjacent to the city as it had theretofore existed. The enlarged city was one contiguous whole. The Legislature could have so defined the boundaries of said city before the Home Rule Amendment was adopted. After that it delegated its powers to the cities themselves, with certain limitations. Waco did not violate those limitations. The record shows the limits of the city were lawfully extended, and the lands so included are subject to payment of taxes due the city, just as was the property which had always been a part of the city. We find no provision in the Constitution, the statutes of our state or the charter of the city of Waco, which prohibits the extension of the city as was attempted at the election in question. There is no provision in the law anywhere prohibiting the inclusion of agricultural lands within cities having more than 5,000 inhabitants.

We conclude that the judgments of the district court and Court of Civil Appeals should be reversed, and judgment here rendered in favor of plaintiffs in error, dis-

solving the injunction heretofore issued by the district court. We so recommend.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiffs in error, dissolving the injunction granted by the district court.