## BELL v. PREFERRED LIFE ASSUR. SOC. OF MONTGOMERY et al.

### No. 10119.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1942.

Fred S. Ball, Jr., of Montgomery, Ala., Robert T. Milner, of Wetumpka, Ala., and R. K. Wise, of Columbia, S. C., for appellant.

Richard T. Rives, of Montgomery, Ala., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought by a single plaintiff, the holder of a contingent endowment insurance certificate of a maximum value of $1000 against the Preferred Life Assurance Society, an insurance corporation, and its officers and agents, the suit was not brought as a class action under Rule 23(a) or (b),[1] but as a suit by plaintiff on his own behalf. The claims were that the officers named as defendants were guilty of various frauds in the management and operation of the defendant Society, among them, as to plaintiff, a fraud of misrepresentation as to the number of members in his division and as to the time his certificate would mature; that the income of the Society was large and that it was being diverted and mismanaged, the moneys going to excessive salaries and misappropriations by the officer defendants. The prayer was for a reformation of his certificate to an ordinary certificate of whole life insurance, for damages, actual and punitive, in the sum of $200,000, for the displacement of the officers, directors and trustees of the Society, and the appointment of a receiver to take charge of the Society's assets and for a money judgment against each of the officers, directors and trustees for such sums as shall be found justly due and owing from each of the officers, directors and trustees to the Society. Jurisdiction was based on a claim of diversity and the allegation "this action is brought to reorganize the Insurance Department of the defendant Preferred Life Assurance Society, and to displace its present officers and directors and trustees and for damages. The insurance assets of Preferred Life Assurance Society exceed $1,000,000, and the amount in controversy exceeds $3000, exclusive of interest and costs." The defendant denied that the amount in controversy, exclusive of interest and costs, exceeds $3000, and averred; that the only financial interest or claim which the plaintiff has against the defendants is represented by his contingent endowment insurance certificate upon which plaintiff has paid to the defendant an aggregate total of dues of only $202.35; that, in no event, would plaintiff be entitled to recover from defendants a greater sum than $1000; and that the claim for damages stated in the complaint is entirely colorable. In addition defendants denying, joined issue with, all plaintiff's charges of fraud and mismanagement. Depositions of certain of the officers were taken, and, the district judge of the opinion on the pleadings and the facts established by them and by the depositions, that since under plaintiff's certificate, he could never have been, or be, entitled to a sum greater than $1000, his claims for damages were merely colorable, and that the suit was an individual suit and not a class suit under Rule 23, dismissed the cause for want of jurisdiction.

---

[1] Rule 23, Federal Rules Civil Procedure, Title 28 U.S.C.A. following section 723c.

Plaintiff, here complaining of the dismissal, rather feebly insists that his claim for $200,000 damages personally sustained by him on account of his $1000 certificate was not colorable. He puts his main insistence though on the ground that the suit properly understood was not an individual suit for damages sustained by himself but a suit in the nature of a derivative action by a member to enforce a claim in favor of the Society against its officers and directors for fraudulent and corrupt misappropriation of the Society's assets, wherein there is sought for the benefit of the Society a money judgment exceeding $3000, exclusive of interest and costs, and that the real matter in controversy was the value of the property of the Society and of the damage done to it and not the damage done to him on his $1000 certificate.

■ We are in no doubt that plaintiff's claim of $200,000 damages to himself on his $1000 certificate was entirely colorable for the purpose of conferring jurisdiction. St. Paul Mercury Indem. Co. v. Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 82 L.Ed. 845. The complaint contains not a single allegation of fact on which a judgment for damages claimed in excess of the value of his certificate could possibly be awarded. It is legally inconceivable that a person holding a certificate representing a claim for money which could not at the most bring him more than $1000, could be entitled to a judgment for damages on account of being induced to purchase the certificate by representations that it was worth $1000, when in fact it was worth less. Appellant's other point, that the suit should be considered as a class suit with the amount in controversy the value of, and the injuries to, the properties owned by the class, is equally without merit. For whatever might be said of plaintiff's right to bring a class suit under Rule 23, if he had elected to do so, he did not bring such a suit, and in view of the definite requirements of that rule, a court, in the absence of any attempt by plaintiff to comply with it, will not, indeed cannot, by in effect, rewriting his petition for him, convert the suit which he brought as an individual suit and on his own behalf into a class suit, on behalf of the Society. The announced purpose of the Federal Rules of Civil Procedure is to make pleadings simple and intelligible,

and practice and procedure under them conducive to the speedy and sure attainment of just results, and the rules are so drawn that conformity with them will give effect to this purpose. In order to achieve the results intended by particular rules, while there should not be slavish, there should be substantial compliance with them, and a suit brought as an individual and not as a class action, without any regard to, or attempted compliance with, Rule 23, may not, in order to confer jurisdiction on the court, be construed as a class suit. The dismissal was, of course, without prejudice to the right of plaintiff to try again in the State Court or the Federal Court, as he may be advised, and whether if he tries again he might make a case under Rule 23 is not before us for decision. What the district judge decided and what we decide is only that, as brought, as an individual suit by plaintiff on his own behalf, the amount in controversy was not within the jurisdiction of the court. The judgment was right. It is affirmed.