DALLAS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT
NO. 3, ET AL., V. CITY OF DALLAS, ET AL.

No. A-2629. Decided October 11, 1950.
Rehearing overruled November 8, 1950.
(233 S. W., 2d Series, 291.)

Associate Justice Taylor not sitting.

*Marié McCutcheon* and *Claude D. Bell,* both of Dallas, *Vinson, Elkins & Weems* and *Victor W. Bouldin,* of Houston, for appellants.

Articles 1175, section 2, and 1182c-1, Texas Civil Statutes are unconstitutional because it constitutes an unlawful delegation of legislative power to the City Council of the City of Dallas and authorizes a home rule city to destroy and abolish water conservation districts validly created and existing under constitutional and statutory authority, thereby depriving them of their right to exist under Art. 16, sec. 59 of the Constitution. City of Gladewater v. State, 138 Texas 173, 157 S. W., 2d 641; City of East Dallas v. State, ex rel Pultz, 73 Texas 370, 11 S. W. 1030; Love v. City of Dallas, 120 Texas 351, 40 S. W. 2d 20.

*H. Louis Nichols* and *H. P. Kucera,* both of Dallas, for appellees.

Article 1175, section 2, and Article 1182c-1 Revised Civil Statutes are constitutional because under the Home Rule Amendment to the Constitution, the Legislature is expressly authorized to enact them, and they do not unlawfully delegate any legislative powers to the City of Dallas, Eastham v. Steinhagen, 111 Texas 597, 243 S. W. 457; Norris v. City of Waco, 57 Texas 635; City of Pelly v. Harris County Water Control and Imp. Dist., 145 Texas 443, 198 S. W. 2d 450.

MR. JUSTICE HART delivered the opinion of the Court.

On December 30, 1949, the City Council of the City of Dallas passed an ordinance extending the city limits so as to include all of the territory theretofore included in Dallas County Water Control and Improvement District No. 3, and on March 7, 1950, the City Council passed another ordinance fixing March 17, 1950, as the date on which the City of Dallas would take over the District and the District would be abolished. Appellants, being the District and certain residents of the territory annexed, brought this suit against the City and the Mayor and City Council of Dallas, asking for an injunction against the enforcement of these ordinances on the ground that Article 1175, paragraph 2, and Article 1182C-1, Vernon's Texas Civil Statutes, under which the ordinances were adopted, are unconstitutional. The district court denied the appellants temporary injunctive relief and on the cross-action of the City of Dallas issued a mandatory injunction ordering the directors of the District to deliver its property and records to the City. The appellants brought the case to this Court by direct appeal under Article V, Section 3-b, of the Texas Constitution, Article 1738a, Vernon's Texas Civil Statutes, and Rule 499-a, Texas Rules of Civil Procedure.

The City of Dallas is a home rule city and in adopting the annexation ordinance of December 30, 1949, followed the procedure prescribed by the Dallas city charter in conformity with the provisions of Article 1175. On this appeal the only question regarding the validity of the annexation ordinance is as to the constitutionality in this respect of Article 1175, paragraph 2.

In 1912 the voters of Texas adopted the "Home Rule Amendment", Article XI, Sec. 5, of our Constitution, relating to the government of cities of more than five thousand inhabitants. In 1913 the Legislature passed an "enabling act", Chapter 147, Acts 33rd Legislature, Regular Session, p. 307, which was designed, according to Section 10 of the Act, to provide a means

whereby the cities affected thereby could "avail themselves of the constitutional amendment recently adopted." Section 4 of this statute provided in part as follows:

"Sec. 4. That by the provisions of this Act it is contemplated to bestow upon any city adopting the charter or amendment hereunder the full power of local self government, and among the other powers that may be exercised by any such city, the following are hereby enumerated for greater certainty:

   *    *    *    *    *    *    *

"The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter."

With slight changes in the wording of the first paragraph the quoted sections of the statute are now found in Article 1175, Vernon's Texas Civil Statutes, the second paragraph expressly conferring the power to extend the city limits and to annex territory being copied exactly from the original statute in paragraph 2 of Article 1175.

■ Since the adoption of the Home Rule Amendment and the enabling act, many cities have taken advantage of the authority conferred upon them to extend their limits and to annex additional territory. In some cases the annexation proceedings have been attacked, and in all such cases coming before this Court the validity of the statutory provisions quoted above has been upheld expressly or by necessary implication. Cases so holding include Eastham v. Steinhagen, 111 Texas 597, 243 S. W. 457; City of Waco v. Higginson, (Com. App.) 243 S. W. 1078; Tod v. City of Houston, (Com. App.) 276 S. W. 419; City of Wichita Falls v. Bowen, 143 Texas 45, 182 S. W. 2d 695; City of Houston v. State ex rel. City of West University Place, 142 Texas 190, 176 S. W. 2d 928; Beyer v. Templeton, 147 Texas 94, 212 S. W. 2d 134. See also Cohen v. City of Houston, Tex. Civ. App., 176 S. W. 809 (writ of error refused) and Id. 205 S. W. 757 (writ of error refused).

■ The particular contention that the appellants stress in this case is their claim that Article 1175, paragraph 2, is an unconstitutional delegation of legislative power to municipal corporations. This contention, however, is answered by the language quoted with approval by this Court in City of Houston v. State ex rel. City of University Place, 142 Texas 190, 195, 176 S. W. 2d 928, 931:

"Now the power of a Home Rule City to fix its boundaries is the power to legislate. Prior to the adoption of the Home Rule Amendment to the State Constitution, the Legislature could fix or alter the boundaries of an incorporated city, and it was held in Graham v. Greenville, 67 Tex. 62, 2 S. W. 742, that such power was not restricted by the State Constitution. The Home Rule Amendment took this legislative power from the Legislature and conferred it upon cities which adopted a Home Rule Charter. Of course, in altering their boundaries cities must observe the procedure prescribed by the enabling act."

Under the reasoning adopted by this Court in the language just quoted, the Constitution itself, in the Home Rule Amendment, gives home rule cities the power to fix and extend their boundaries. Whether, in the absence of the Home Rule Amendment, the Legislature could have delegated this power to municipalities without fixing more definite standards than are contained in Article 1175, is a question which is not before us. The delegation of power involved in this case is not unconstitutional, because under the construction of the Home Rule Amendment approved by this Court, there is authority in the Constitution itself for the exercise of this legislative power by home rule cities. It seems evident that one object of the adoption of the Home Rule Amendment was to empower home rule cities to exercise legislative powers theretofore exercised by the Legislature, subject to limitations which the Legislature might impose by general law. We adhere to the view we have heretofore approved, that one of the powers intended to be conferred on home rule cities by the Home Rule Amendment is the power to fix and extend their boundaries and to annex additional territory, subject to limitations contained in the general laws.

We do not regard anything that was said in City of Wichita Falls v. Bowen, 143 Texas 45, 182 S. W. 2d 695, or Cohen v. City of Houston, Tex. Civ. App. 176 S. W. 809 (writ of error refused) or in the opinion on the second appeal of that case, 205 S. W. 757 (writ of error refused), as being contrary to the conclusion that the delegation of legislative power to home rule cities is made by the Constitution itself. It is true that the opinions in these cases contain statements that the statute (now Article 1175) delegates legislative power to the cities, but these are merely restatements of the language of the statute, and they do not negative the delegation of legislative power by the Home Rule Amendment.

In accord with the views here expressed are Xydias Amuse-

ment Co. v. City of Houston, Tex. Civ. App., 185 S. W. 415 (writ of error refused) and Le Gois v. State, 80 Texas Cr. 356, 190 S. W. 724, in which it was held that legislative powers of home rule cities, other than the power to extend the city limits and to annex additional territory, are derived from the Home Rule Amendment rather than the enabling statute.

In our opinion, the cases from other jurisdictions cited by the appellants, City of New York v. Village of Lawrence, 250 N. Y. 429, 165 N. E. 836, State ex rel. Snell v. Warner, 4 Wash. 773, 31 Pac. 25, 17 L. R. A. 263, and State ex rel. Anderson v. Port of Tillamook, 62 Ore. 332, 124 Pac. 637, Ann. Cas. 1914c, 483, turn upon the particular constitutional and statutory provisions of the respective states there involved and are not persuasive in the decision of the present case.

Article 1182C-1 by its express terms applies to all cities, including home rule cities, which may annex all or any part of the territory within one or more water control and improvement districts. Section 2 of this statute, which is the authority for the City's action in undertaking to assume control over the appellant District, reads in part as follows:

"Sec. 2. When all the territory within any such district is so annexed, such city shall take over all properties and assets, shall assume all debts, liabilities and obligations and shall perform all functions and services of such district, and after such annexation such district shall be abolished. The governing body of such city shall, by ordinance, designate the date upon which the city shall take over and such district shall be abolished, but in no event later than ninety (90) days after the effective date of such annexation."

■ The ground for appellants' attack on Article 1182C-1, aside from the claim that it is dependent on Article 1175, which is also assailed as invalid, is that since the District is created by statute under authority of Article XVI, Sec. 59, of the Constitution, it cannot be abolished by the annexation ordinance of the City of Dallas without violating the Constitution. In this connection appellants rely on City of Houston v. City of Magnolia Park, 115 Texas 101, 276 S. W. 685, in which it was held that the Legislature could not authorize one city of more than five thousand inhabitants to annex forcibly an adjoining city of more than five thousand inhabitants, in view of the Home Rule Amendment, Article XI, Sec. 5, Texas Constitution. That decision was based on the special rights given by the Constitution to home rule cities, and in our opinion the same reasoning

would not apply to a water control and improvement district, which is a governmental agency dependent upon legislative creation, sanction and regulation, under the terms of Article XVI, Sec. 59, Texas Constitution. The general rule, stated by this Court in Blessing v. City of Galveston, 42 Texas 641, 657, 658, is in our opinion controlling:

"No principle of law is more clearly or firmly settled than that public or municipal corporations, established for public purposes, such as the administration of local or civil government, are not in the nature of contracts between the State and the corporation, and that their charters may be annulled and revoked at the will and pleasure of the Legislature, as it deems the public good may require. * * * * * Such corporations are the creatures of the State, made for a specific purpose, to exercise, within a prescribed limit, powers conferred upon them.

"The State may withdraw these local powers of government at pleasure, and may, through its Legislature, or other appointed channels, govern the local territory as it governs the State at large. It may enlarge or contract its powers or destroy its existence."

See also Tod v. City of Houston, (Com. App.) 276 S. W. 419.

In our opinion, both of the statutes attacked by the appellants are constitutional. The judgment of the district court is therefore affirmed.

Opinion delivered October 11, 1950.

Rehearing overruled November 8, 1950.

Associate Justice Taylor not sitting.

[Note by Editor: Certiorari to U. S. Supreme Court denied. 340 U. S. 952, 71 Sup. Ct. 571 (2).]