Mrs. Emma DILLON et al., Appellants,

v.

The CITY OF SAN ANTONIO et al.,
Appellees.

No. 12880.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 14, 1955.

Rehearing Denied Oct. 5, 1955.

Charles M. Dickson, Thurman Barrett, Laurie M. Huck, San Antonio, for appellants.

Carlos C. Cadena, City Atty., N. P. Cosgrove, Asst. City Atty., San Antonio, for appellees.

POPE, Justice.

This is an appeal from a summary judgment rendered against the plaintiffs who sought to enjoin the City of San Antonio and its tax assessor and collector from assessing and collecting taxes against their lands situated in an area covered by an annexation ordinance. The basis for the attack upon the annexation ordinance is that it violated Section 5, Article 11, of the Texas Constitution, Vernon's Ann.St., which prohibits an alteration, amendment or repeal of a city charter oftener than every two years.

The city charter for San Antonio became effective on October 2, 1951. On September 25, 1952, the City Council passed and adopted an ordinance which extended the corporate limits of the city and included lands owned by the plaintiffs. The trial court, in denying relief to the plaintiffs, held that a change of corporate limits as provided in the city charter was not an alteration, amendment or repeal of the city charter.

The 1951 city charter, in its first section, describes the corporate limits of San Antonio as "the corporate limits of the City, as now or hereafter established." Section 3 declares the powers of the city under the charter and included among them is the power, "by ordinance, to fix and change the bounds and limits of the City" in a manner stated in paragraph 2 of section 3. Appellants do not complain that the city failed to conform to that method to annex. See State ex rel. Winn v. City of San Antonio, Tex.Civ.App., 259 S.W.2d 248. Annexation, under the charter, is the exercise of a charter power, but it is not, as appellants contend, an alteration or amendment of the charter. State ex rel. Bauer v. City of Del Rio, Tex.Civ.App., 92 S.W.2d 287, 290, decided this same point, saying: "the boundaries of a city are in no proper sense a part of the charter. If they are, then

the boundaries could not be changed oftener than every two [2] years. There is no such limitation on the powers of a city to change its boundary lines." We consider that to be the settled law of Texas. Dallas County Water Control and Imp. Dist. No. 3 v. City of Dallas, 149 Tex. 362, 233 S.W. 2d 291; City of Wichita Falls, Tex. v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 154 A.L.R. 1434; City of Waco v. Higginson, Tex.Com.App., 243 S.W. 1078; Eastham v. Steinhagen, 111 Tex. 597, 243 S.W. 457.

The judgment is affirmed.