Lynn **MALLOW** et al., Appellants,

v.

The **STATE** of Texas ex rel. **CITY OF DENTON**, Texas, Appellee.

No. 16475.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 3, 1964.

Rehearing Denied Jan. 31, 1964.

Shirley W. Peters, Denton, for appellants.

John Lawhon, County Atty., of Denton County, and Lee E. Holt, Denton, for appellee.

MASSEY, Chief Justice.

In the case of Ewing v. State ex rel. Pollard, 1891, 81 Tex. 172, 16 S.W. 872, was decided the law of Texas that where a suit in the nature of *Quo Warranto* is brought on the theory that a purported municipal corporation is truly nonexistent because it had never been legally incorporated, and that the individuals assuming to compose the governing body should for that reason be ousted from their "pretended" capacities as officers thereof,—a trial court obtains jurisdiction as to parties as well as subject matter by merely serving only the aforesaid individuals to the extent that it may, in a proper case, render a judgment which both ousts the individuals in said "pretended" capacities and dissolves the corporation.

But on the instant appeal a new question has been added. What is the authority of the trial court in such a case where, prior to any trial, all the individuals alleged to have said "pretended" capacities disclaim any right, title, interest or authority in or under the purported municipal corporation as such? Our conclusion is that such occurrence would have no effect upon the court's authority to render a judgment dissolving the corporation.

Before the case was tried on its merits the State obtained a summary judgment in the district court where the case was filed. That judgment was reversed by this court on the single ground that said form of judgment was improper because of the existence of a fact issue. See Mallow v. State, ex rel. City of Denton, 1962 (Tex.Civ.App., Fort Worth), 356 S.W.2d 705, writ ref., n. r. e. At time of the summary judgment Lynn Mallow was the mayor (allegedly only "pretended") of the purported town of Mayhill in Denton County, Texas, and Glen Woodford and Donald Gabbert were the commissioners (allegedly only "pretended") of the same town.

By the time the case was reached for trial on its merits there had been effected a

change of officials, actual or "pretended", in the purported town of Mayhill. The new mayor (actual or "pretended") was C. E. Carruth. The new commissioners (actual or "pretended") were Roy Bentley and Estella Woodford. A few days before the time scheduled as trial date, Mallow, Gabbert and Glen Woodford each filed his disclaimer, showing that each of them "neither claims nor asserts any right, title, interest or right of possession in or to * * * office * * * of the Town of Mayhill, Texas, and neither claims the authority, duty or right to exercise any of the functions or duties * * *." These parties were sued as individuals and not in any official capacity in accord with propriety according to the Ewing case.

Upon the call of the case for trial the named defendants, Mallow, Woodford and Gabbert, urged their pleas in abatement based in part upon the ground that there was a want of necessary parties, to-wit: all the other residents and incorporators of the Town of Mayhill (naming them). The pleas were overruled.

Then the State and Mallow, Woodford and Gabbert proceeded to stipulate that neither Mallow, Gabbert, nor Glen Woodford were officers of the Town of Mayhill, but that it was Carruth, Bentley and Estella Woodford who were claiming to be the officers of said town. Also stipulated were the records and orders of the County Judge of Denton County pursuant to which the Town of Mayhill was purportedly incorporated. Further stipulated was the fact that at all material times the number of inhabitants residing within the boundaries of the municipality purportedly incorporated was more than 200 inhabitants and less than 400 inhabitants. Introduction of evidence then proceeded, devoted to a successful attempt by the State to establish that at the material time the area of the purportedly incorporated municipality was more than two (2) square miles. The State's object by this showing was to establish that there was too much land for the requisite number

of inhabitants to qualify them to cause it to actually be incorporated as a municipality within the authority of law. Only one witness testified. Mallow, Gabbert and Glen Woodford tendered no evidence. The jury found that the area in question exceeded two square miles. Based thereon judgment of ouster was entered and also judgment decreeing that the proceedings purporting to incorporate the Town of Mayhill were null and void.

Our investigation turned up the interesting case of State v. Village of Bradford, 1859, 32 Vt. 50. It was a *Quo Warranto* proceeding in which the State of Vermont sought to have it established that the purported incorporation of the Village of Bradford was void. Named as defendants in the proceeding were the "pretended" officers of the purported municipality. These defendants filed an affidavit disclaiming any purpose of exercising the functions of the offices to which they had been elected. The judgment in the case decreed a dissolution of the *de facto* Village of Bradford (because it was not incorporated in accordance with provisions of law) and the ouster of the "pretended" officers thereof. As to costs, however, particularly as to those incurred from and after the individual defendants filed their disclaimers, such were assessed against the relator upon whose information the State initiated the suit. In the opinion it was stated that the reason costs were not allowed (against the individual defendants) was because there was no distinct evidence that they participated in any illegal or improper proceedings in effecting the organization under the charter. See also 74 C.J.S. Quo Warranto § 52 Costs, p. 280, notes 73 and 74.

■ We see no actual distinction to be made between the Village of Bradford case and the case before us in connection with the effect thereupon occasioned by the disclaimers filed by "pretended" officers. We believe that a judgment of ouster of such parties is proper despite such disclaimers. That the trial court might take cognizance

that other and different parties were in fact "pretended" officers at the time of the trial would not foreclose propriety of a judgment of ouster of those who were the "pretended" officers at an earlier time. Neither would this require an abatement of the suit.

It appears that in Vermont it is (or was) proper in a case such as this to name as a party defendant the *de facto* or purported municipal corporation, as well as the "pretended" officers thereof. State v. Village of Bradford, supra. Not so in Texas. Ewing v. State, supra. In Ewing it was held that where the theory of the information upon which the trial proceeded was that there was no such corporation as that purported, there would be a distinction to be made between it and those cases in which the objective of the suit was to dissolve an actually pre-existing corporation for nonuser or misuser, or to oust it from franchises not conferred by its charter, and that, unlike the propriety of naming the corporation as a party in the latter type cases, it was not necessary to name or bring in, as a party to the suit, a purported corporation which the plaintiff contended was nonexistent.

It does not do violence to the rules of law to do what we consider to be justice in this particular case and hold that the trial court had jurisdiction and authority to decide that the Town of Mayhill was not incorporated under provision of law, and to decree that the proceedings purportedly incorporating it were null and void. Accordingly, we overrule the points of error which so contend.

■ The State, through its attorneys, argues that the holding made is supported under the theory that its suit qualified as a class action under the provisions of Texas Rules of Civil Procedure, rule 42, "Class Actions". The material parts of the Rule are taken from Federal Rule 23. Thereunder it was held that where a plaintiff's pleading does not bring his suit under the rule, but instead pleads an individual suit, a holding that it constituted a class suit would require that the court rewrite his petition for

him, something the court may not do. In other words, the holding was that he who would bring a class suit must plead the elements of the Rule which would make his case such. Bell v. Preferred Life Assur. Soc. of Montgomery, 1942 (Court of Appeals, 5th Cir.), 131 F.2d 516. The decision in this case was reversed on other grounds at 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15. Other cases to be found annotated under the Federal Rule are in accord. See also McDonald, Texas Civil Practice, p. 269, "Parties", § 3.34, "Class Actions". In the case before us the State's case under its pleadings does not qualify as a class action and may not be treated as such.

Having held that the procedure in the trial court was regular and effective we reach the merits of the controversy. It is contended that the holding of the trial court, absolutely prerequisite to the decision invalidating the incorporation of the Town of Mayhill, had no basis in our statutory law. Specifically, the contention is that Vernon's Ann.Texas St. Art. 971, "Territorial boundaries", which provides: "No city or town in this State shall be hereafter incorporated under the provisions of the general charter for cities and towns contained in this title with a superficial area of more than two square miles, when such town or city has less than two thousand inhabitants, * *", has not such application as to inhibit the original incorporation of the Town of Mayhill.

Premise of the contention is that while Art. 971 relates to incorporations of cities and towns under Title 28, "Cities, Towns and Villages", and Chapter 1 thereunder, "Cities and Towns", Art. 961 et seq., it had no relation and was without application to incorporation of towns and villages under Chapter 12 thereunder, and in particular to Art. 1155 et seq. Ergo, it is reasoned that the incorporation of the Town of Mayhill is not effected by Art. 971 since the Legislature has not by legislation extended the provisions of the Article to towns and villages, etc., incorporated under any of the provisions of articles in and under Chapter 12.

We believe that the matter is not an open question and that it is settled law that the inhibitory language of Art. 971 (which we have taken occasion to quote) applies to all cities, towns and/or villages attempting to incorporate under any of the general law articles of Title 28 without respect to the Chapter thereunder which incorporation is attempted. Richardson v. State, 1946 (Tex.Civ.App., Dallas), 199 S. W.2d 239, 244, writ. ref., n. r. e. It has been contended that the notation of the Supreme Court, "no reversible error", did not stamp any seal of approval on the holding in the case since the application for writ of error did not include complaint of it. However this may be, the Supreme Court apparently approved the holding in Beyer v. Templeton, 1948, 147 Tex. 94, 212 S.W.2d 134, 139. See also Spurlin v. State, 1908, 51 Tex.Civ.App. 266, 115 S.W. 128.

Finally, it is contended that even though we might reach the conclusions aforestated, the provisions of Chapter 40 of the Acts of the 57th Legislature, First Called Session in 1961, validated the incorporation of the Town of Mayhill, and that the trial court erred in refusing to so hold. Mallow, Gabbert and Glen Woodford obviously place considerable reliance upon this contention, having made it their first point of error.

The Act did purport to do as is contended. It was effective as of August 26, 1961. It is to be found in Vernon's Texas Statutes as Art. 974d–9. The *quo warranto* suit was filed on November 17, 1960, and was pending for trial on August 26, 1961. By such suit the validity of the incorporation was cast in question and was in litigation. Section 5 of the Act provides: "This Act shall not be construed as validating the adoption of any charter if the validity of the charter adoption proceedings or of the charter is involved in litigation on the effective date of this Act and such litigation is ultimately determined against the validity thereof."

The appellants, Mallow, Gabbert and Glen Woodford, have constructed an argument in substantiation of their contention that Section 5 of the Act, quoted above, though applicable to exclude home rule charters and proceedings involved in litigation on August 26, 1961, was otherwise inapplicable by construction proper to be made of the section in light of the entire Act, and therefore that the Act did validate the incorporation of the Town of Mayhill despite that fact that such validity was then involved in litigation.

We reject the argument and overrule the contention. We hold that Section 5 of the Act excepted from its validating provisions that class and character of incorporation proceedings by which the Town of Mayhill was sought to be incorporated.

Judgment is affirmed.