**J. L. FORD, Appellant,**

v.

**TOWN OF COPPELL, Texas, et al.,
Appellees.**

**No. 16762.**

Court of Civil Appeals of Texas.

Dallas.

July 22, 1966.

Rehearing Denied Oct. 7, 1966.

Eades & Eades and Eric Eades, Dallas, for appellant.

Saner, Jack, Sallinger & Nichols and Lawrence W. Jackson, Dallas, for appellees.

DIXON, Chief Justice.

Appellant J. L. Ford filed suit against the Town of Coppell, Texas, its Mayor and Councilmen, seeking a judgment declaring invalid the acts of the Town in taking over and abolishing the Dallas County Coppell Fresh Water Supply District No. 17, which was entirely encompassed by the Town. Appellant also asks for an injunction to restrain the expenditure of funds made pursuant to said alleged illegal acts.

Both sides filed motions for summary judgment. The motion of appellant was overruled. That of appellees was sustained.

The Water Supply District was formed on February 17, 1955.

The Town of Coppell was incorporated under Chapter 11 of the general laws of the State of Texas on November 18, 1955. This chapter provides for the creation of "Towns and Villages".

The Town by its Ordinance No. 11 adopted Art. 1182c–1, Vernon's Ann.Civ.St. on April 24, 1964 so as to authorize the Town to take over the Water District.

The Town on May 5, 1964 by its Ordinance No. 12 fixed the date it would take over and abolish the Water District.

The Town physically took over the facilities of the Water District on May 6, 1964. It took over the funds on hand of the Water District on June 1, 1964.

The Town on March 1, 1965 pursuant to Art. 961, V.A.C.S. passed its Ordinance No. 21 adopting the provisions of Chapters 1 through 10, Title 28, V.A.C.S., thereby changing its status from that of a town or village to that of a city or town, with greater powers.

Appellant concedes that there are no material issues of fact in the case. In his first point on appeal he says that the court erred in denying appellant's motion for summary judgment and in granting appellees' motion because Art. 1182c–1, V.A.C.S. was not applicable to the Town of Coppell at the time the ordinances were passed, hence the Town did not have power to take over and abolish the Water District.

Under this point appellant argues (1) that Art. 1182c–1 was not applicable to the Town of Coppell when Ordinances Nos. 11 and 12 were passed, for the Town was incorporated and was then operating only as a town or village under Chapter 11, Title 28, V.A.C.S. and Art. 1182c–1 was and is applicable only to cities and towns incorporated and operating under Chapters 1 through 10, Title 28, V.A.C.S.; and further, (2) Art. 1182c–1 is unconstitutional.

Art. 1182c–1, V.A.C.S. contains the following provisions:

"Section 1. *This Act shall apply to all incorporated cities and towns, including* Home Rule Cities, and *those operating under general laws* or special charters * * *.

"Sec. 2. * * * The governing body of such city shall, by ordinance, designate the date upon which the city shall take over, *shall assume all debts,* and such district shall be abolished, and said date shall be in no event later than ninety (90) days after the effective date of such annexation; *provided, that if the city fails to adopt such ordinance, the city shall automatically take over and assume such debts and the district shall be abolished ninety (90) days after the effective date of such annexation."* (Emphasis ours.)

■ We see no merit in appellant's first point. The Town of Coppell was and is a town operating under the general laws. Art. 1182c–1, V.A.C.S. by its express terms is made applicable to *all* towns including those operating under the general laws. Though Art. 1182c–1 is to be found in Chapter 13, not in Chapter 11, of Title 28, its express language makes it applicable to all towns operating under the general laws, without respect to the chapter under which it is to be found. Mallow v. State ex rel. City of Denton, Tex.Civ.App., 374 S.W. 2d 732, 736 (ref.n.r.e.); see also Trueman

O'Quinn's historical comment, page XXVII, Vol. 2A, V.A.C.S.

Appellant also argues that Art. 1182c–1 was never intended to apply to a Chapter 11 town or village because such a town or village has no power to issue any kind of bond and only the limited power to levy a tax of one-fourth of one per cent per $100 valuation.

■ Attached to appellees' motion for summary judgment is an affidavit by the Town's City Secretary showing the budget and the expenditures of the Town of Coppell for the years 1964 and 1965. The Town maintains two separate funds. One is a general fund. The other is a fund to defray the expenses of the water supply system. The money from the latter fund is expended only for said system. The Town has no bonded indebtedness except that assumed in taking over the Water District. All payments due on Water District bonds and all expenses of operation of the water system have been met as they became due. The tax rate was and is 25 cents per $100 valuation. The Town was not exceeding its permissible tax rate under Chapter 11, Title 28, V.A.C.S.

Moreover, we know of no reason why possible increases, if any, in the expenses of the water supply system could not be met, if necessary, by increasing the water service charges to users without looking to the ad valorem taxes to meet such possible increased expenses.

■ When Chapter 11 was first enacted by the Legislature more than one hundred years ago the powers of municipalities created thereunder were very limited indeed. But in the meantime the Legislature has passed many laws enlarging the powers of the various classes of cities and towns. Consequently some of the cases decided prior to these later enactments, though doubtless decided correctly at the time, are not decisive of the powers of cities and towns under existing present statutes. For example, appellant cites and quotes from the opinion of our Supreme Court in City of Waxahachie v. Brown, 67 Tex. 519, 4 S.W. 207, decided in 1887. The statute here under consideration, Art. 1182c–1, V.A.C.S., was not enacted by the Legislature until 1947 and has been amended five times since its enactment. Obviously the above cited case should not control our decision here.

Appellant contends that Art. 1182c–1 is unconstitutional since it does not provide the property owners of the Town a hearing on the question of the benefits and burdens created by the taking over of the Water District. In support of his contention appellant cites the Supreme Court holdings in State ex rel. Merriam v. Ball, 116 Tex. 527, 296 S.W. 1085 and Browning v. Hooper, 269 U.S. 396, 46 S.Ct. 141, 70 L.Ed. 330.

■ The holdings in the above cited cases do not support appellant's position. They are to the effect that statutes are unconstitutional which leave the question of the boundaries of a water district up to the few persons who signed the petition for the creation of the district. Thus the petitioners would be allowed to determine the spread or area of the district. However, in both cases the courts said that where the burden is spread by the Legislature or a municipality the owners of the property over which the burden is spread have no constitutional right to be heard on the question of benefits. The language of Art. 1182c–1, being mandatory, is in effect a spreading of the burden by the Legislature.

The constitutionality of the statute has been expressly upheld in Dallas County Water Control & Imp. District No. 3 v. City of Dallas, 149 Tex. 362, 233 S.W.2d 291, 294. Though the attack there was based on other grounds than are presented here the Supreme Court concluded its opinion with the broad statement, "In our opinion, both of the statutes attacked by the appellants are constitutional."

Appellant's first point is overruled.

In his second point appellant asserts that the Town's subsequent adoption on March 1, 1965 of the provisions of Chapters 1 through 10, Title 28, V.A.C.S. could not cure its prior illegal act of May 5, 1964 in undertaking to take over and abolish the Water District when the Town was still operating under Chapter 11, Title 28, V.A.C.S.

Appellees answer appellant by pointing out that in their motion for summary judgment they do not claim that the Town's subsequent adoption of Chapters 1 through 10, Title 28 cured a prior illegal act of the Town. What they did and do claim is that the subsequent adoption pursuant to Art. 961, V.A.C.S.[1] of the provisions of Chapters 1 through 10, Title 28, V.A.C.S. unquestionably brought into play the provisions of Art. 1182c–1, V.A.C.S. which automatically by operation of law abolished the Water District and required the Town to take it over, therefore the question at issue has become moot.

 We agree with appellees. The portion of Art. 1182c–1 heretofore quoted includes a provision that if a city fails to adopt an ordinance taking over a water district the city shall automatically take over the district within ninety days. The Town on March 1, 1965 became a city or town under Chapters 1 through 10, Title 28, V.A.C.S. The fact is not disputed. As such its powers were considerably enlarged. Whatever may have been said before it cannot now be said that Art. 1182c–1, V.A.C.S. is not applicable. We do not hold that the article should be given a retroactive effect. We simply hold that if it be said that the Town did not take over and abolish the Water District by ordinance on May 5, 1964, it did take over and abolish the Water

District by virtue of the automatic provision of the statute ninety days after March 1, 1965 when it adopted the provisions of Chapters 1 through 10, of Title 28, V.A.C.S. Appellant's second point on appeal is overruled.

The judgment of the trial court is affirmed.

Affirmed.

---

1. Art. 961, Chapter 1, Title 28, V.A.C.S. provides that any city, town or village containing 600 inhabitants or over may accept the provisions of Title 28 relating to cities and towns; and shall thereafter be *"vested with all the rights, powers, privileges and immunities and franchises therein conferred."* (Emphasis ours.) The validity of the adoption of said provisions by the Town of Coppell is not attacked by appellant.