

# THE ATTORNEY GENERAL
## OF TEXAS

October 20, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Terral R. Smith                    Opinion No. JM-565
Chairman
Criminal Jurisprudence Committee    Re:  Status of the city of Lago
Texas House of Representatives      Vista and the Travis County Muni-
P. O. Box 2910                      cipal Utility District No. 1 under
Austin, Texas    78769              article 1182c-1, V.T.C.S.

Dear Representative Smith:

You request an opinion construing sections 2 and 6 of article
1182c-1, V.T.C.S.  This statute applies to cities and towns which have
annexed or may annex territory within water districts.  V.T.C.S. art.
1182c-1, §1.  It sets out the city's powers and duties toward water
districts it has annexed in whole or in part.

You inquire about the application of article 1182c-1, V.T.C.S.,
to the city of Lago Vista and Travis County Municipal Utility District
No. 1.  The Municipal Utility District [hereinafter the MUD] was
created in 1972 with an area of approximately nine square miles.  In
1984 Lago Vista was incorporated as a general law village under
chapter 11 of Title 28, V.T.C.S.  As originally incorporated, the
village of Lago Vista was almost entirely within the MUD, encompassing
two square miles of it.  In April of 1985, the village of Lago Vista
merged and consolidated with three other communities, so that the
incorporated area of Lago Vista now includes approximately eight
square miles of the MUD.  The remaining square mile of the MUD is
located entirely within Lago Vista's extraterritorial jurisdiction.
In September 1985, Lago Vista became a general law city operating
under chapters 1 through 10 of Title 28, V.T.C.S.  See V.T.C.S. art.
961.

The city of Lago Vista now has annexation authority under
articles 970a, 974, and 974g, V.T.C.S., and wishes to annex the
remaining one square mile portion of the MUD which is not included
within its boundaries.  The city proposes to annex the remaining
portion of the MUD without automatically assuming all of its debts and
taking over all of its assets.  You ask whether it may do so.

Article 1182c-1, V.T.C.S., applies to all incorporated cities and
towns "which have heretofore annexed, or hereafter may annex, all or
any part of the territory within one (1) or more . . . municipal

utility districts. . . ." V.T.C.S. art. 1182c-1, §1.   If all the
territory within the district is annexed, the city is required to take
over the properties and assets of the district, assume all of its
debts, liabilities and obligations, and perform all of its functions.
V.T.C.S. art. 1182c-1, §2.   After the annexation, the district is to
be abolished in accordance with the procedure outlined in section 2 of
article 1182c-1, V.T.C.S.

Section 6 of article 1182c-1, V.T.C.S., provides as follows:

> Sec. 6.   When any city or town is newly incor-
> porated over all or any part of the territory
> within a water control and improvement district, a
> fresh water supply district or municipal utility
> district, the governing body may adopt an ordi-
> nance making the provisions of this Act applicable
> to such city or town and, upon the adoption of
> such an ordinance by a vote of not less than
> two-thirds (2/3) of the entire membership of such
> governing body, the provisions of this Act shall
> thereafter be applicable to such city or town and
> to such districts situated in whole or in part
> therein.

Section 6 thus makes the provisions of article 1182c-1, V.T.C.S.,
optional for "any city or town . . . newly incorporated over all or
any part of the territory within a . . . municipal utility district."
This section is in effect an exception to section 1 of article
1182c-1, V.T.C.S., which states as follows:

> Section 1.   This Act shall apply to all incor-
> porated cities and towns, including Home Rule
> Cities, and those operating under general laws or
> special charters (hereinafter called 'city' or
> 'cities'), which have heretofore annexed, or
> hereafter may annex, all or any part of the
> territory within one (1) or more water control and
> improvement districts, fresh water supply dis-
> tricts or municipal utility districts, which
> districts were organized for the primary purpose
> of providing such municipal functions as the
> supply of fresh water for domestic or commercial
> uses, the furnishing of sanitary sewer service or
> drainage services, any or all.   Such cities shall
> succeed to the powers, duties, assets, and obliga-
> tions of such district or districts in the manner
> and to the extent hereinafter provided. (Emphasis
> added).

When a statute includes a general provision that apparently applies to all cases and a special provision which applies to a particular case, the special provision prevails over the general provision and governs the cases within its terms. Dolan v. Walker, 49 S.W.2d 695 (Tex. 1932); Balfour v. Collins, 25 S.W.2d 804 (Tex. 1930). See also Gov't. Code, §311.026.

Lago Vista was incorporated in 1984 over territory included in the Travis County MUD No. 1. At that time, Lago Vista became a "city or town . . . newly incorporated over . . . any part of the territory" of a municipal utility district within section 6 of article 1182c-1, V.T.C.S.

You state that the city of Lago Vista has never adopted an ordinance which would make the provisions of article 1182c-1, V.T.C.S., applicable to it and to the Travis County MUD No. 1. The city is therefore not subject to the provisions of article 1182c-1, V.T.C.S. See Ford v. Town of Coppell, 407 S.W.2d 304, 305 (Tex. Civ. App. - Dallas 1966, writ ref'd n.r.e.) (town incorporated over existing water district adopted ordinance "to authorize the Town to take over the Water District"). It may annex the remaining portion of the MUD without taking over its properties and assets, assuming its debts, liabilities and obligations, or performing its functions as required by section 2 of article 1182c-1, V.T.C.S., for cities which are subject to this statute. Nor is the Travis County MUD No. 1 to be abolished pursuant to section 2 of article 1182c-1, V.T.C.S., following annexation by the city of Lago Vista. A city may overlap in territory with a special purpose municipal entity invested with limited powers, even though some of their purposes are the same. City of Pelly v. Harris County Water Control and Improvement District No. 7, 198 S.W.2d 450 (Tex. 1946) (city may annex territory located in a water control and improvement district). See Attorney General Opinion JM-400 (1985) (city which incorporates within an existing rural fire prevention district remains part of the district).

## S U M M A R Y

The city of Lago Vista was "newly incorporated" over part of the territory within the Travis County Municipal Utility District No. 1. Lago Vista has not adopted an ordinance pursuant to section 6 of article 1182c-1, V.T.C.S., making the provisions of that statute applicable to it. If the city of Lago Vista annexes all of the remaining territory of the Travis County MUD No. 1, the city will not be subject to the requirements in article 1182c-1, V.T.C.S., that it take over the properties and assets of the MUD, assume its debts, liabilities and obligations, or perform its

functions.  The MUD will not be abolished pursuant
to article 1182c-1, V.T.C.S., but will continue to
exist as an entity legally distinct from the city.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

RQ-805

JM-

INDEX HEADINGS

ANNEXATION
CITIES AND TOWNS
POLITICAL SUBDIVISIONS
SPECIAL DISTRICTS (?)
WATER DISTRICTS (?)