## C. S. EASTHAM ET AL. V. B. A. STEINHAGEN ET AL.

### No. 3607.   Decided June 24, 1922.

### (243 S. W., 457.)

**1.—Cities—Amendment of Charter—Boundaries.**

The Legislature, previous to the adoption of the Home Rule Amendment to the Constitution (Const., art. 11, sec. 5, as amended; Act of April 7, 1913, Laws, 33d Leg., ch. 147, p. 307) possessed the power to amend the charter of a city and in so doing to extend its boundaries, and was not limited in the exercise of this power by existing provisions of its charter regulating the manner in which, thereunder, its boundaries might be extended. (P. 600).

**2.—Same.**

The enabling act putting in force the Home Rule Amendment to the Constitution (Act of April 7, 1913, Laws, 33d Leg., ch. 147, p. 307) transferred to cities the power to adopt amended charters in pursuance of its terms, and in so doing to extend their boundaries; and a city, in so amending and extending boundaries, was, like the Legislature, free from the restrictions imposed by its previously existing charter as to how boundaries could be extended. Cohen v. City of Houston, 176 S. W., 809; same case, 205 S. W., 757, followed. (P. 600).

**3.—City—School Tax—Amendment of Charter.**

By its charter a city council was directed to levy annually a school tax not exceeding 25 cents per $100 for the support of public schools, and also such further special taxes for that purpose as had been or should be adopted by vote of the people under the power therefor given by the charter. The subsequent adoption by vote of an increased rate of taxation for schools was not an alteration or amendment of its charter. (P. 601).

**4.—City—Amendment of Charter—Extension of Boundaries.**

The extension of its boundaries by a city in the manner authorized and provided by its charter was not an amendment of its charter. The mere exercise of a power conferred on a city by its charter cannot constitute an alteration, amendment or repeal of that charter preventing its further amendment within two years thereafter (Const., art. 11, sec. 5). (P. 601).

Error to the Court of Civil Appeals for the Ninth District, in an appeal from Orange County.

Eastham and others sued Steinhagen and others for injunction, which they obtained, but which was dissolved on defendants' appeal (233 S. W., 660). Appellees thereupon obtained writ of error.

*E. B. Pickett Jr.*, for plaintiffs in error.

The Enabling Act passed by the Legislature in 1913 was a general law, while the 1909 charter was granted to the City of Beaumont by special act, and no rule of law is better settled than that a general law does not by implication repeal a special law, and this rule maintains although both the general law and the special law relate to the

same subject matter. Ellis v. Batts, 26 Texas, 708; City of Laredo v. Martin, 52 Texas, 562; Herndon v. Reed, 82 Texas, 651; Cole v. State, 170 S. W., 1037; Westbrook v. M-T Ld. & Irrig. Co., 195 S. W., 1155.

The Court of Civil Appeals erred in reversing the judgment of the trial court and dissolving the temporary injunction, for the reason that the attempted adoption of a new charter by the City of Beaumont on Dec. 30, 1919, was null and void because of violation of and contrary to that part of Section 5, Article 11, of the Constitution of the State providing that "no city charter shall be altered, amended or repealed oftener than every two years". City of Waco v. Higginson, 226 S. W., 1084; Section 5, Article 11, Constitution of Texas.

*Chas. D. Smith,* City Attorney, *Gordon, Lawhon & Pool,* and *Sonfield, Nall & King,* for defendants in error.

Though statutes of a general nature do not by implication repeal charters by special acts, this rule does not apply where a general law inconsistent with a special municipal charter, in terms, relates to all municipal corporations. Bowyer v. Camden, 50 N. J. L., 87.

Tax elections are not amendments to the charter. The support of the public schools is not a municipal duty, and a tax for this purpose is not a tax for a municipal purpose. City of El Paso v. Conklin, 91 Texas, 537; Parks v. West, 102 Texas, 11; City of El Paso v. Ruckman, 92 Texas, 90.

*Mr. Geo. R. Gillette,* by permission of the court, filed a citation of authorities on the questions involved, as amicus curiae.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

By special Act of the Legislature a charter was granted the City of Beaumont in 1909 (Sp. Laws, 1909, 92).

Section 2 of the charter defined the boundaries of the city.

Section 3 read: "Any territory adjoining the present or future boundaries of said city may, from time to time, in any size or shape, be admitted and become a part thereof, on application made or written consent given to the city council by the owner of owners of the land, or, as the case may be, by a majority of the legal voters resident on the land sought to be added".

While the city of Beaumont was incorporated under the general laws of the state, after it had assumed control of its public schools, an election was ordered held on June 12, 1897, to determine whether a special tax of 25 cents on each $100 of values should be levied for the maintenance of the public schools. The tax was voted by more than the requisite two-thirds majority, and, under proper ordinances, it was thereafter levied, assessed, and collected each year up to and including the year 1918.

Subdivision 2 of section 45 of the charter of 1909 provided for the levy of—

''an annual tax of not exceeding 25 cents on each one hundred dollars ($100) valuation of all property in said city subject to taxation, for the maintenance of the public free schools and the erection of school buildings in the city.''

Section 65 confirmed action previously taken, whereby a board of trustees was given control of the public schools of the city, validated all tax levies theretofore made for the support and maintenance of the schools, and provided that—

''The city council shall continue to levy and collect the rate of special taxation adopted, or which may be adopted, by a vote of the people for said purpose and deliver the same to the said Board of Trustees in accordance with the general laws of the state upon the subject.''

The city school tax was increased, through an election in June, 1918, from 25 cents to 40 cents on the $100 of taxable values; and it was likewise increased, through an election in September, 1919, from 40 cents to 50 cents on each $100 of taxable values.

The owners of block No. 1 of the Oaks addition, adjoining the then existing boundaries of the city of Beaumont, applied to the city council to add the block to the limits of the city, and the city council adopted an ordinance on October 21, 1919, granting the application and including the block within the territorial limits of the city.

On December 30, 1919, a charter framed by a commission in the manner provided by the enabling act of April 7, 1913, to put into effect the amendment to section 5 of article 11 of the Constitution, called the ''home rule amendment,'' was adopted by the qualified voters within the boundaries of the city of Beaumont as fixed by its charter of 1909. The new charter, as thus adopted in 1919, enlarged the boundaries of the city by including new territory, called the ''South Park district'' and the ''French district.''

Subsequent to December 30, 1919, an election was held, in which all voters within the boundaries fixed by the new charter participated and under which officers were elected and the new municipal government was inaugurated.

On January 26, 1921, plaintiffs in error, who are residents of, and property owners in, the ''South Park district'' and the ''French district,'' were granted a temporary injunction restraining defendants in error, as officers of the city of Beaumont; from enforcing any city ordinance within the territorial limits of the named districts and from levying any taxes against any property therein.

On appeal the Beaumont Court of Civil Appeals dissolved the injunction (233 S. W. 660), and the case is before us on writ of error to review the judgment of the Court of Civil Appeals.

Plaintiffs in error base their right to relief by injunction on the grounds: First, that section 3 of the 1909 charter prevented the extension of the boundaries of the city by the adoption of the 1919 charter so as to include the ''South Park district'' and the ''French

district"; and, second, that the 1919 charter is void under the provision of the home rule amendment to the Constitution to the effect that no city charter shall be altered, amended, or repealed oftener than every two years.

Defendants in error contend that the validity of the city charter can only be questioned in a direct proceeding instituted for that purpose by the state. We shall not determine whether this contention is sound, having concluded that the matters relied on by plaintiffs in error are in any event wholly insufficient to invalidate the charter or to entitle them to any relief.

The home rule amendment authorized a city of more than 5,000 inhabitants, by a majority vote of the qualified voters of the city, to adopt or amend its charter, subject to the limitations to be prescribed by the Legislature, provided that no charter nor any ordinance to be passed thereunder should be inconsistent with the Constitution or the general laws of the state. The Legislature promptly passed an enabling act, providing the method for the amendment or adoption of a charter by a city of more than 5,000 inhabitants, and for the organization of municipal government under the amended or new charter, and providing that a special charter previously granted a city should remain in full force until amended or superseded by a new charter. Among the powers which the enabling act expressly bestowed on any city adopting a charter or amendment in accordance with its terms was "the power to fix the boundary limits of said city."

Prior to the adoption of the home rule amendment, it is undeniable that the Legislature possessed the power to so amend the 1909 charter as to have extended the limits of the city of Beaumont. Since the Legislature could repeal section 3, the same could furnish no obstacle to the exercise of this power. The home rule amendment and the enabling act transferred to the specified cities, through the agency of their qualified voters, the same power which the Legislature had therefore possessed to change territorial boundaries, through the amendment or adoption of their charters, subject alone to the limitations expressed, which have no application in this case. Cohen v. City of Houston (Tex. Civ. App.) 176 S. W. 809; Cohen v. City of Houston (Tex. Civ. App.) 205 S. W. 757.

After the enactment of the enabling act under the home rule amendment, the city of Beaumont possessed the power, by availing itself of the terms of that act, to enlarge its boundaries by two methods, one being by amendment to the 1909 charter, and one by the adoption of a new charter. The use of the latter method was just as effective as would have been the former, even though the amendment had not only so defined the city's boundaries as to include the two new districts, but had also expressly repealed section 3. The intent of the voters is just as plain under the course pursued

as it would have been under the suggested amendment.

Subdivision 2 of section 45 and section 65 of the 1909 charter made it the duty of the city council to levy, assess, and collect an annual school tax, in the amount voted according to law such tax not to exceed 25 cents on each $100 of taxable values, until lawfully increased or diminished by popular vote. When a school tax other than 25 cents on the $100 of taxable value was voted in conformity to the requirements of the law, section 65 required the levy, assessment, and collection of the new tax.

With these provisions of the charter contemplating change in the school taxes and requiring the collection and disbursement of the taxes, at whatever rate authorized, the increases in the rate of taxation, for school purposes, accomplished by the elections of June, 1918, and September, 1919, did not alter, amend, or repeal the charter.

Neither was there any amendment of the 1909 charter by the extension of the boundaries of the city to include part of the Oaks addition in October, 1919. The new territory was added in perfect harmony with the terms of sections 2 and 3 of the charter, which declare that the city's limits should be as set forth in section 2, until changed by annexing adjacent lands in the mode prescribed in section 3. What the city did here was to merely exercise one of its powers under the 1909 charter. It needs no argument to demonstrate that the mere exercise of a power conferred on a city by its charter is not an alteration, amendment, or repeal of the charter.

Finding nothing to justify the attack on the inclusion of the two new districts within the city of Beaumont under its 1919 charter, we conclude that the judgment of the Court of Civil Appeals was correct and should be affirmed.

It is so ordered.

*Affirmed.*