**ALLEN et al. v. CITY OF AUSTIN et al.**
**No. 8696.**

Court of Civil Appeals of Texas. Austin.
April 29, 1938.

Rehearing Denied May 11, 1938.

Hardy Hollers and Smith, Goldsmith, Adams & Bagby, all of Austin, for appellants.

A. L. Love, City Atty., Trueman E. O'Quinn, Asst. City Atty., and White, Taylor & Gardner, all of Austin, for appellees.

LOONEY, Justice.

Appellants, property owners in territory sought to be annexed by the city of Austin, brought this suit for temporary and permanent injunction against appellees, the city council and members thereof, to restrain them from enacting an ordinance annexing the property, from placing it upon the tax rolls, from assessing same for tax purposes, and from asserting jurisdiction over it. This appeal is from the judgment refusing temporary injunction.

Appellees assert that under the Austin charter adopted pursuant to the Home Rule Amendment to the Constitution, article 11, § 5, they have the authority to annex the territory by ordinance without any election. The appellants take the contrary view.

In 1912 the people of Texas adopted section 5 of article 11 as an amendment to the State Constitution. By this amendment they conferred upon the citizens residing in cities of more than five thousand inhabitants the right of local self-government, restricted only by the Constitution and general laws enacted by the Legislature. Austin is a city of more than five thousand inhabitants and the territory annexed is no part of an incorporated city.

Exercising their right of local self-government, the citizens of the city of Austin adopted a city charter. By section 2a, article 1, of said charter, it is provided that: "The city council may by ordinance annex additional territory lying adjacent to the city with or without the consent of the territory and inhabitants annexed."

Article 1175, subdivision 2, Revised Civil Statutes, provides:

"Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty:

"1. * * *

"2. The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter."

We hold that the Constitution, section 5, article 11, and the Legislature, article 1175, subd. 2, and the Charter of the City of Austin, article 1, § 2a, gave the city ample statutory and constitutional authority to annex the territory by ordinance without submitting the question to the qualified voters of the city or of the territory annexed.

Prior to the Home Rule Amendment to the Constitution, the Legislature was authorized to annex additional territory to a city without the consent, and even against the remonstrance of a majority of the persons residing in the city or in the annexed territory. Cohen v. City of Houston, Tex. Civ.App., 176 S.W. 809, error dismissed.

The Home Rule Amendment and the Enabling Act transferred to the specified cities through the agency of their qualified voters the same power which the Legislature had theretofore possessed to change territorial boundaries. Eastham v. Steinhagen, 111 Tex. 597, 243 S.W. 457. The voters spoke by adopting the charter.

We overrule the contention of appellants that section 2a, article 1, of the City Charter of the City of Austin, is invalid because in contravention of the terms and provisions of chapter 110, Acts Regular Session 41st Legislature, now article 1182a, Vernon's Revised Civil Statutes of Texas. This act by its own terms applies only when the city governing board of any city "acting under and by virtue of any Charter adopted under the Home Rule Amendment, article 11, section 5, of the Constitution of this State, *shall initiate or order an election for the extension of the territorial limits of said city. * * *"

The city of Austin did not initiate or order an election acting under and by virtue of its charter. Therefore the act is inapplicable. In fact, under its charter, the city of Austin could not order an election, because it had acted under article 11, section 5, of the Constitution, and article 1175, R.S., and by vote of the people adopted a charter which limited the manner of annexation of additional territory or extension of the territorial boundaries of the city by ordinance only.

The judgment of the trial court is affirmed.

Affirmed.

McCLENDON, C. J., and BAUGH, J., disqualified in this case.