**SMALLWOOD et al. v. CITY OF DALLAS.**

No. 13953.

Court of Civil Appeals of Texas. Dallas.

Dec. 3, 1948.

Rehearing Denied Dec. 24, 1948.

Henry Klepak and William Sweet, Jr., both of Dallas, for appellants.

H. P. Kucera, City Atty. and Robert L. Lattimore, Asst. City Atty., both of Dallas, for appellee.

LOONEY, Justice.

The City of Dallas adopted an ordinance at its first reading under authority of Sec. 4-A of its Charter, to annex approximately twenty-four tracts of land lying immediately adjacent to the corporate limits of said city. Upon the adoption of the ordinance at its first reading, the City Council directed that the ordinance be published as required by Sec. 4-A of the Charter, inviting a public hearing for all interested parties. After a hearing was held before the City Council by those who desired to be heard, appellants herein filed a suit in the court below to permanently enjoin the city from annexing the territory in which they resided or owned property. The trial court granted a temporary restraining order and on same day the attorney representing appellants appeared at the City Council meeting and entered into a stipulation with the City Attorney to the effect that the suit which they had filed did not concern itself with the annexation of any other of the

tracts of land sought to be annexed, but only with what was denominated in the agreement and in the field notes as tract No. 18–D; and that appellants had no objection to or interest in any of the other tracts. Thereupon, the City Council deferred action on said tract No. 18–D in obedience to the temporary restraining order. Thereafter the cause came on for trial on its merits and after a full hearing the court rendered judgment denying appellants the relief sought, from which they prosecuted this appeal.

Dallas is a Home Rule city, and, in seeking to annex the adjacent territory involved in this litigation, acted under the provisions of the Home Rule Amendment to the Constitution, Art. 11, sec. 5, Vernon's Ann. St.; and the Enabling Act, Art. 1175, Vernon's Civil Statutes, sec. 2; and immediately under its charter provision, sec. 4–A which reads as follows: "As an alternative method of enlarging or extending the corporate boundaries, the City Council shall have the power by ordinance to provide for the alteration and extension of said boundary limits and the annexation of additional territory lying adjacent to the City, with or without the consent of the territory and the inhabitants annexed. * * *"

Appellants challenge the constitutionality of the Enabling Act, also the provisions of the City Charter set out above, contending that each was void because violative of Art. 11, sec. 5, of the Constitution (the Home Rule Amendment), and Art. 1, secs. 17 and 19 of the Constitution, in that the Enabling Act and the provision of the City Charter authorize the taking of appellants' property for public use or purposes without their consent and without adequate compensation being made therefor, and deprived appellants of their property in disregard of the due course of the law of the land.

In furtherance of these contentions, appellants alleged in substance that the purpose of the city in annexing said property was in order to control and subject it to taxation without any corresponding benefits accruing to appellants, and not in the interest of the public safety, health or welfare; that theretofore, at great expense, appellants installed their own individual sewer and water systems; that the annexation of their property to the city would cause its depreciation in value and that they were in no need of the police protection of the city. Several appellants testified in support of these contentions; also several city officials were called to the stand by appellants and examined.

■ We are of opinion that even if the contention of appellants presents a material and appropriate issue in the case, there may be found in the testimony of Mayor Temple, Mayor pro tem Savage, Chief of Police Hansson and City Manager Thomas, ample evidence that refutes and disproves appellants' contention. However, we do not think appellants' contention presented either a material or an appropriate issue in the case. Prior to the adoption of the Home Rule Amendment to the Constitution and the passage of the Enabling Act, the Legislature, by special acts, created municipal corporations and granted special charters and annexed territory to cities. Cities acting under these special charters annexed adjacent territory, but, in the absence of special charters, the matter of annexing territory to cities was controlled by general laws enacted by the Legislature. However, after the Home Rule Amendment was adopted, cities of five thousand or more inhabitants were authorized by a majority vote of their qualified voters to adopt or amend their charters, subject to certain limitations not material here. Thus the powers formerly exercised by the Legislature to annex adjacent territory to cities was taken away and transferred to such cities as qualified under the Home Rule Amendment.

In cases arising under special acts of the Legislature annexing additional territory to cities, the doctrine was announced by our courts that the question whether or not certain territory should be annexed was for the determination of the Legislature; was of a political nature and not subject to judicial review.

■ The early case of Norris v. City of Waco, 57 Tex. 635, involved the validity of a special act of the Legislature annexing certain rural pasture land to the City of Waco. The owner resisted payment of

taxes to the city on the ground that the land was not suitable for urban development and that the Legislature had exceeded its power in annexing same to the city, thus subjecting it to the burden of city taxation. The Supreme Court denied these contentions and affirmed the validity of the action of the Legislature, holding (we quote from syllabi) that: "What property shall be embraced within a municipal corporation, and whether it shall be taxed for municipal purposes, are political questions to be determined by the law-making power, and an attempt by the judiciary to revise the legislative action would be usurpation. * * *" Answering appellants' contention that the Enabling Act and the charter provision under which the city acted are void because violative of the provisions of the Constitution heretofore mentioned, the following additional holdings of the court, in our opinion, furnish a complete answer. The court held that "The constitutional inhibition against taking private property for public use without compensation to the owner, has reference solely to the taking of private property for public use under the right of eminent domain. * * * When private property is taken under the taxing power, the taxpayer receives his just compensation in the protection which government affords to his life, liberty and property, and in the increased value of his possessions resulting from the use to which the government applies the money raised by the tax."

In the later case of the State v. City of Waxahachie, 81 Tex. 626, 17 S.W. 348, 350, the Supreme Court of Texas in an opinion by Judge Henry reviewed an ordinance of said city annexing certain territory, the annexation of which was contested on the following, among other, grounds: (1) That there was no election nor was there any notice given to the people regarding the annexation; (2) that more than nine-tenths of the territory sought to be annexed was occupied and used exclusively for agricultural and grazing purposes. In upholding the annexation, the court, among other things, said: "As the statute under which the proceedings were conducted makes no discrimination with regard to the form or

extent of new territory that may be added to a city, other than a limitation upon its width, we do not feel authorized to do so. If there may exist in any case good reasons why any other limitation of the area of adjacent territory than the one with regard to its width should be prescribed, such reasons must be addressed to the legislature, and not to the courts. * * *"

Doubtless other cases could be cited to the same effect, but in our opinion these are sufficient to indicate that the matter of annexing additional territory to a city is for the Legislature; that it is of a political nature and not within the province of the courts to review the action of the legislative body or to question its wisdom or motives.

 The same doctrine has been applied in cases arising under similar action of cities under the Home Rule Amendment. Among the first cases to challenge the validity of a charter provision of a Home Rule city, similar to the charter provision of the City of Dallas involved in this suit, was that of Allen v. City of Austin, Tex. Civ.App., 116 S.W.2d 468, 469, (writ ref.). In that case the language of the charter amendment authorizing the city to annex property adjacent to its boundary against the will of the owners of the property, or the residents thereon, in effect is the same as the provision of the City of Dallas. Sustaining the charter provision of the City of Austin, the court said, among other things: "Exercising their right of local self-government, the citizens of the city of Austin adopted a city charter. By section 2a, article 1, of said charter, it is provided that: 'The city council may by ordinance annex additional territory lying adjacent to the city with or without the consent of the territory and inhabitants annexed.' * * * We hold that the Constitution, section 5, article 11, and the Legislature, article 1175, subd. 2, and the Charter of the City of Austin, article 1, § 2a, gave the city ample statutory and constitutional authority to annex the territory by ordinance without submitting the question to the qualified voters of the city or of the territory annexed. Prior to the Home Rule Amendment to the Constitution, the Legislature

was authorized to annex additional territory to a city without the consent, and even against the remonstrance of a majority of the persons residing in the city or in the annexed territory. Cohen v. City of Houston, Tex.Civ.App., 176 S.W. 809, error dismissed. The Home Rule Amendment and the Enabling Act transferred to the specified cities through the agency of their qualified voters the same power which the Legislature had theretofore possessed to change territorial boundaries. Eastham v. Steinhagen, 111 Tex. 597, 243 S.W. 457. The voters spoke by adopting the charter. * * *"

In City of Houston v. State, 142 Tex. 190, 176 S.W.2d 928, the Supreme Court, adopting opinion of Judge Taylor of the Commission, considered and approved a charter provision of the tenor and effect of the charter provision of the City of Dallas under consideration; and, among other things, the court held (We quote from syllabi): "1. The purpose of the home-rule amendment was to bestow upon cities coming under the amendment full power of local self government, giving such cities the right to determine for themselves what kind of charter they should live under. Vernon's Ann.St.Const. art. 11, § 5. 2. The only limitation on power of city of Houston to annex additional territory under its charter, adopted according to the Home-Rule Amendment and Enabling Act, is that it shall be adjacent thereto and not a part of any other municipality. Vernon's Ann. Civ.St. art. 1175, subd. 2; Vernon's Ann.St. Const. art. 11, § 5. 3. In altering its boundaries the city of Houston, a home-rule city, must observe the procedure described by the Enabling Act, but courts are not concerned with the motives of the governing body of the city in undertaking to annex territory. Vernon's Ann.Civ.St. art. 1175, subd. 2; Vernon's Ann.St.Const. art. 11, § 5. * * * 6. The power of a home-rule city to fix its boundaries and to annex territory is a 'legislative power' not subject to revision by the judicial power. Vernon's Ann.St.Const. art. 11, § 5."

However, we do not think there is any doubt as to the validity of Sec. 4–A of the Charter of the City of Dallas, as it was recently sustained by the Supreme Court

in the case of Beyer et al. v. Templeton, 212 S.W.2d 134, 138. In that case the City of Dallas passed an ordinance annexing certain territory; after quoting provisions of the charter above referred to, the court used the following language: "The City of Dallas undertook to annex the territory embraced in the old town of Honey Springs, and all that the City of Dallas did in this respect was authorized by its charter. See City of Houston v. State ex rel. City of West University Place, supra; Allen et al. v. City of Austin, Texas, et al., Tex.Civ.App., 116 S.W.2d 468, writ of error refused; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231."

In view of these authorities, we overrule the points of error urged by appellants and affirm the judgment of the court below.

Appellee has filed several cross points of error, but in view of our holding just announced, we do not deem it necessary to adjudicate these points. For the reasons stated the case is affirmed.

Affirmed.