## STATE ex rel. MARTIN et al. v. CITY OF WAXAHACHIE.

### No. 3023.

Court of Civil Appeals of Texas. Waco.

May 1, 1952.

Rehearing Denied May 22, 1952.

Clyde F. Winn, L. D. Johnston and Stewart Lumpkins, County Atty., Waxahachie, for appellants.

Warwick H. Jenkins, Waxahachie, for appellee.

HALE, Justice.

This proceeding was instituted in the name of the State of Texas at the instance of G. C. Martin and others on an information in the nature of a quo warranto. The action was brought against the City of Waxahachie to test the validity of an ordinance of annexation, it being alleged that such ordinance was invalid and void. Respondent filed its motion for a summary judgment in its favor in accordance with Rule 166-A, T.R.C.P. After due notice and a hearing, the motion was granted and judgment was summarily rendered denying any relief to the petitioners and decreeing that the territorial area described in their petition had been lawfully annexed

to the City of Waxahachie. Petitioners have appealed from the judgment.

By points one to four in their brief, appellants say the judgment appealed from is void and of no force or effect because it is in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and of Secs. 3 and 19 of art. I of the Constitution of Texas, Vernon's Ann.St., it being their contention that the effect of the judgment is to deprive relators of their property rights without due process of law and to deny to them the equal protection of the laws. Their contention, as we understand it, is based upon the provisions contained in Sec. 2, art. II of the charter of the City of Waxahachie as adopted on June 27, 1916 and the amendment thereof as adopted on September 12, 1946.

By an election held in the City of Waxahachie on June 27, 1916, a majority of the qualified voters residing within its territorial limits duly adopted a home rule charter under the provisions of art. XI, Sec. 5 of the Constitution of Texas and art. 1165 of Vernon's Tex.Civ.Stats., Sec. 2, art. II of the charter so adopted reading as follows: "These boundaries may, by ordinance, from time to time, be enlarged, or added to, by the inclusion of adjacent territory upon petition of the owner, or owners of the territory to be affected, or upon the vote or petition of a majority of the resident qualified voters of such territory * * *."

By an election held on September 12, 1946, a majority of the qualified voters residing within the City of Waxahachie duly adopted a charter amendment "To amend Section 2, Article II, of the city charter of the City of Waxahachie, Texas, so as to hereafter read as follows: The City Council shall have power by ordinance to fix the boundary limits of the City of Waxahachie; and to provide for the alteration and the extension of said boundary limits, and the annexation of additional territory lying adjacent to the City, with or without the consent of the territory and inhabitants annexed. That upon the introduction of any such ordinance in the City Council, it shall be published in the form in which it may be finally passed, in a daily newspaper published in the City of Waxahachie at least one time, and said ordinance shall not thereafter be finally acted upon until at least thirty days have elapsed after the first publication thereof; and upon the final passage of any such ordinance, the boundary limits of the City shall thereafter be fixed in such ordinance, and when any additional territory has been so annexed, same shall be a part of the City of Waxahachie, and the property situated therein shall bear its pro rata part of the taxes levied by the City, and the inhabitants thereof shall be entitled to all the rights and privileges of all the citizens, and shall be bound by the acts, ordinances, resolutions and regulations of the City."

On February 6, 1951, an ordinance in proper form providing for the alteration and extension of the boundary limits of the City of Waxahachie and to annex the adjacent territory described in the petition of appellants to the City was introduced and passed by the City Council on first reading. On April 10, 1951, after publication in the manner and form required by Sec. 2, art. II of the city charter, the ordinance was finally passed and adopted. Such action was taken without the consent of the inhabitants of the territory annexed and over the protest of relators and others who resided within the affected area.

Appellants say the charter amendment adopted on September 12, 1946, did not repeal Sec. 2, art. II of the city charter as adopted on June 27, 1916. Hence, they assert that subsequent to September 12, 1946, the charter of the City of Waxahachie authorized four separate, distinct and different methods for the annexation of additional territory, viz.: (1) upon petition of the owner or owners of the territory to be affected; (2) upon the vote or petition of a majority of the resident qualified voters of such territory; (3) with the consent of the territory and inhabitants annexed; and (4) without the consent of the territory and inhabitants annexed. They argue that since the city charter does not provide a rule of action or standard as to when or under what cir-

cumstances the City Council shall apply any one of these four methods, the effect of the charter is to vest in the City Council the exercise of arbitrary discrimination and power and thereby deprive relators of their property rights without due process of law and deny to them the equal protection of the law. They say: "Such an abuse of power is in violation of both the Fifth and Fourteenth amendments to the Constitution of the United States; and also of Sec. 3 and also of Sec. 19 of art. I of the Bill of Rights of our state constitution; and each of said four methods of annexation are wholly void. Before these four methods, or any of them, could be valid there would have to be a difference and a distinction set forth in said charter provisions; and each method would have to be made applicable under a particular set of facts to a particular class, which class would have to be described and defined." We cannot agree with the premises or conclusions involved in the specious reasoning of appellants on the points at issue.

■ We do not think the charter of the City of Waxahachie ever authorized four separate, distinct and different methods for the annexation of additional territory. On the contrary, the only authorized method of annexation was by ordinance of the governing body of the City. Under the provisions of Sec. 2, art. II of the charter adopted on June 27, 1916, the power of the governing body to extend the limits of the City by ordinance so as to include adjacent territory was restricted to one of two conditions, viz.: that the inclusion of such territory must be upon petition of the owner or owners of the territory to be affected, or upon the vote or petition of the resident qualified voters of such territory. The intended purpose and necessary effect of the amendment adopted on September 12, 1946, was to remove both of the restrictions so imposed upon the governing body and to vest in the City Council the power and authority thereafter to extend the limits of the City by ordinance so as to include adjacent territory without the necessity for any petition or vote on the part of the owner or owners of the territory to be affected or the qualified

voters residing therein, the exercise of such power and authority not being in any wise dependent thereafter upon the consent or lack of consent of such owners or voters. Therefore, although the charter amendment as adopted on September 12, 1946, did not expressly contain any repealing clause, its adoption did constitute a repeal by necessary implication of the inconsistent and repugnant provisions contained in Sec. 2, art. II of the charter theretofore adopted on June 27, 1916. See: 39 Tex.Jur. pp. 137–152, Secs. 78–83 and numerous authorities there cited.

■ Sec. 2 of art. 1175, Vernon's Tex. Civ.Stats., provides that cities adopting charters under Sec. 5 of art. XI of the Constitution of Texas, generally known as the home rule amendment, may exercise "the power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter." In the case of Dallas County Water Control, etc., v. City of Dallas, 233 S.W.2d 291, 293, the Supreme Court of Texas held that the delegation of legislative power to municipal corporations to extend their boundary limits without fixing more definite standards than are contained in this statute is not an unconstitutional delegation of power because "there is authority in the Constitution itself for the exercise of this legislative power by home rule cities." Since the charter of the City of Waxahachie was duly adopted in pursuance of the home rule amendment to the Constitution, and the ordinance of annexation of which complaint is here made was duly passed in accordance with the rules provided by the charter of the City, we have concluded that neither the provisions of the charter or ordinance, nor the judgment of the court based thereon, has resulted or will result in depriving relators of their property rights without due process of law or in denying to them the equal protection of the laws within the purview and meaning of any constitutional provision relevant thereto. Eastham v. Steinhagen, 111 Tex. 597, 243 S.W. 457; City of

Waco v. Higginson, Tex.Com.App., 243 S.W. 1078; Tod v. City of Houston, Tex. Com.App., 276 S.W. 419; City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 154 A.L.R. 1434; City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928; Beyer v. Templeton, 147 Tex. 94, 212 S.W. 2d 134; Cohen v. City of Houston, Tex. Civ.App., 176 S.W. 809, er. ref. and Id., Tex.Civ.App., 205 S.W. 757, er. ref.; Xydias Amusement Co. v. City of Houston, Tex.Civ.App., 185 S.W. 415, er. ref.; Allen v. City of Austin, Tex.Civ.App., 116 S.W.2d 468, er. ref..

█ If we are correct in the views we have expressed, the other questions raised upon the appeal become immaterial because, under the existing circumstances, the passage of the ordinance complained of constituted a valid exercise of legislative power lawfully vested in the City Council, even though its passage on first or second reading was with or without the consent of any or all of the owners or inhabitants of the territory thereby annexed to the City of Waxahachie.

Accordingly, all of appellants' points are overruled and the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.