STATE BOARD OF INSURANCE et al.,
Appellants,

v.

June Lee ADAMS, Appellee.

No. 13280.

Court of Civil Appeals of Texas.

Houston.

Sept. 25, 1958.

Will Wilson, Atty. Gen. of Texas, and Fred B. Werkenthin and Wallace P. Finfrock, Asst. Attys. Gen., for appellants.

Jim S. Phelps, Houston, for appellee.

WERLEIN, Justice.

This suit was filed by June Lee Adams, appellee, against the Life Insurance Commissioner of the State of Texas and/or the Commissioner of Insurance for the State of Texas, William A. Harrison, and/or the Board of Insurance Commissioners of the State of Texas, Penn J. Jackson, Chairman, and members, J. P. Gibbs and David B. Irons. Appellee alleged that the Life Insurance Commissioner of the State of Texas is the duly authorized agent of the State to issue licenses to legal reserve life insurance agents, under Article 21.07–1 of the Texas Insurance Code, V.A.T.S., and, in the alternative that the appellant Board of Insurance Commissioners of the State of Texas and/or the State Board of Insurance and/or the Commissioner of Insurance is the duly authorized agent to issue such licenses, and that service of citation on said parties could be made by serving William A. Harrison, Commissioner of Insurance, in Travis County. Appellee further alleged that her cause of action was an appeal de novo from an order of the appellant Commissioner of Insurance, dated October 14, 1957, denying her a license to act as a legal reserve life insurance agent, under the provisions of art. 21.07–1 of the Texas Insurance Code.

The appellants filed a plea of privilege in statutory form, alleging their residence was Travis County and that no exception to exclusive venue applied, and further that the only valid and existing statute governing venue in causes of the nature of this suit provides that suit shall be brought in Travis County. Appellee filed a controverting affidavit in which she alleged that Sec. 13 of art. 21.07–1 of the Insurance Code provided that suit against the Life Insurance Commissioner of Texas may be brought in the District Court of Travis County or in the District Court of the county of the applicant's residence. From an order of the court overruling appellants' plea of privilege, they have duly appealed to this Court.

Appellants' First and Second Points of Error are to the effect that the court erred in overruling their plea of privilege and in applying as an exception to the General Venue Rule, Sec. 13 of art. 21.07–1 of the Texas Insurance Code, after it had been repealed.

Appellee filed her application for a license to act as a legal reserve life insurance agent on August 15, 1957, which was subsequent to the effective date of Senate Bill 222, June 12, 1957, Acts 1957, c. 499. After appellee had received a letter from the Insurance Commissioner advising her of his intent to deny her a license, there was a hearing held on the application before the Hearing Officer of the State Board of Insurance at Austin. Thereafter the Commissioner of Insurance denied appellee's application. Appellee did not appeal or attempt to appeal to the State Board of Insurance from the order of the Commissioner of Insurance but instead brought this suit in the District Court of Harris County. Appellee does not complain in her petition of any acts or omissions on the part of the State Board of Insurance or of its members.

Appellants contend that Sec. 13 of art. 21.07–1 relating to appeals was repealed in 1957 by Senate Bill 222 prior to the time appellee filed her application for a license. Appellee, on the other hand, contends that Sec. 13 of art. 21.07–1, which was enacted

in 1955, was not repealed and that it provides for appeals of actions such as this to either the District Court of Travis County or the District Court of any county in which the applicant may reside. The question for this Court to determine is whether the general repealing clause in Senate Bill 222 repealed Sec. 13 of art. 21.07–1 of the Insurance Code. If it did, then the plea of privilege should have been granted.

To determine whether or not Sec. 13 of said Article was repealed by the general repealing clause in Senate Bill 222, it is of vital importance to ascertain the legislative intent with respect thereto. In State Board of Insurance v. Betts, Tex., 315 S.W.2d 279, at page 281, the Supreme Court of Texas stated:

> "The problem of statutory construction is to ascertain the intent of the Legislature. When we abandon the plain meaning of words, statutory construction rests upon insecure and obscure foundations at best. It should perhaps be reiterated that Courts have no concern with the wisdom of legislative acts, but it is our plain duty to give effect to the stated purpose or plan of the Legislature, although to us it may seem ill advised or impracticable."

See also First Nat. Bank of Giddings v. Lee County Cotton Oil Co., Tex.Com.App., 274 S.W. 127.

Senate Bill 222 does not have a clause enumerating specifically any statutes repealed. Sec. 8 thereof provides, "All laws or parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of conflict only." Appellants do not contend that art. 21.07–1 was repealed in toto, but they do contend that Sec. 13 thereof relating to appeals from the order of the Life Insurance Commissioner of Texas was repealed as its continuance in effect would be repugnant to the provisions of appeal set out in Senate Bill 222, Sec. (f) of art. 1.04 of the Insurance Code, which provides:

> "(f) If any insurance company or other party at interest be dissatisfied with any decision, regulation, order, rate, rule, act or administrative ruling adopted by the State Board of Insurance, such dissatisfied company or party at interest after failing to get relief from the State Board of Insurance, may file a petition setting forth the particular objection to such decision, regulation, order, rate, rule, act or administrative ruling, or to either or all of them, in the District Court of Travis County, Texas, and not elsewhere, against the State Board of Insurance as defendant. Said action shall have precedence over all other causes on the docket of a different nature. The action shall not be limited to questions of law and the substantial evidence rule shall not apply, but such action shall be tried and determined upon a trial de novo to the same extent as now provided for in the case of an appeal from the Justice Court to the County Court."

The law is well settled that a general repealing clause may repeal prior enactments to the extent that they are repugnant to or inconsistent with the terms of the later statute. See City of Beaumont Independent School District v. Broadus, Tex.Civ.App., 182 S.W.2d 406, writ ref.; City of Fort Worth v. State ex rel. Ridglea Village, Tex.Civ.App., 186 S.W.2d 323, ref. w.m.

In order to determine whether the later statute containing the general repealing clause does in fact repeal a prior statute or part thereof, it is necessary to ascertain the legislative intent by considering the old law, the evils sought to be remedied, and the extent of inconsistency or repugnancy of the two statutes.

Prior to the enactment of Senate Bill 222 the Board of Insurance Commissioners administered the State Department of Insurance as three separate organizations. The

statute of 1927 designated one member as a Life Insurance Commissioner, one as a Fire Insurance Commissioner, and one as a Casualty Insurance Commissioner, and gave to each certain supervisory duties which they did not share in common. The 54th Legislature undertook to remedy the situation to some extent, in requiring that the three commissioners act as a board rather than in their previous separate capacities as Commissioners of Life, Fire and Casualty Insurance. As set out in the message of Governor Daniel to the 55th Legislature in 1957, the Commissioners, however, continued to operate their own divisions with separate mailing rooms, machine accounting, agents' licensing supply rooms, production facilities, and other services (Daily Senate Journal, p. 242, February 12, 1957; Daily House Journal, p. 393.)

■ Senate Bill 222 undertook to remedy this evil by investing all powers and prerogatives previously belonging to the Board of Insurance Commissioners and its individual members, in a State Board of Insurance "as a body". It requires the members of the State Board of Insurance to act as a unit and prohibits individual members from dividing or confining their activities to special fields of insurance regulation. See art. 1.02(a) and (b), Texas Insurance Code, as amended by Senate Bill 222. The State Board of Insurance under Senate Bill 222 administers the insurance laws through its chief executive and administrative officer, the Commissioner of Insurance, who is appointed by the State Board of Insurance, and acts subject to its supervision. The bill provides for the review of the Commissioner's decisions by the State Board of Insurance.

It will be noted that art. 21.07–1 refers to the Life Insurance Commissioner. Senate Bill 222, art. 1.02(b) expressly provides as follows:

"(b) All of the powers, functions, authorities, prerogatives, duties, obliga-

tions and responsibilities, heretofore vested in and devolving upon the Board of Insurance Commissioners as heretofore constituted under prior statutes; the Chairman of said Board; the Life Insurance Commissioner; the Fire Insurance Commissioner; and the Casualty Insurance Commissioner, shall hereafter be vested in the State Board of Insurance as a body, and except as provided herein, they shall be exercised, performed, carried out, and administered by the Commissioner of Insurance as the chief executive and administrative officer of the Board in accordance with the pertinent laws of this state and the rules and regulations for uniform application made by the Board and subject to supervision of the Board."

Thus, all powers heretofore possessed by the Life Insurance Commissioner became vested in the State Board of Insurance as a body.

■ Before the enactment of Senate Bill 222 there were numerous articles governing appeals from the Board of Insurance Commissioners contained in the Insurance Code. Undoubtedly, the Legislature intended to establish a uniform method of appeal. The emergency clause of Senate Bill 222 states, "The fact that there is an urgent need for more unified and effective administration of the insurance laws of this state creates an emergency * * *." Art. 1.04(d), as amended by Senate Bill 222, provides a definite method of appeal from any ruling or action of the Commissioner of Insurance to the State Board of Insurance, thus eliminating any doubt as to the method to be pursued and how, when and where the appeal is to be taken. The bill also definitely provides for an appeal from the action of the State Board of Insurance and sets out the procedure that is to be followed.

■ The express purpose of the bill as shown by Sec. 1 thereof is "to reorganize

the agency charged with administration of the insurance laws of this state in accordance with the provisions of this Act and to make such changes in the Insurance Code, and the construction of the terms of the Insurance Code, as are necessary to accomplish the purposes of this Act." The Act sets up a new administrative structure applicable to .all forms of insurance. It seems clear that the Legislature intended that this comprehensive statute should repeal all prior existing laws inconsistent therewith, and Sec. 8 thereof so provides.

It will be noted that appellee did not take an appeal from the order of the Commissioner of Insurance to the State Board of Insurance, and that the members thereof have never had an opportunity to pass upon appellee's claim. It will also be noted that while art. 21.07–1 applies to the Life Insurance Commissioner, appellee's application was filed with the Commissioner of Insurance of the State of Texas, evidently recognizing that the position of Life Insurance Commissioner had been, in effect, abolished by Senate Bill 222.

■ Appellee contends that Senate Bill 222 could not repeal Sec. 13 of art. 21.07–1 for the reason that there is nothing in the caption of Senate Bill 222 to show that such repeal was included in the purpose of the bill, and that Senate Bill 222 is restricted by its title and therefore did not amend art. 21.07–1. It is true Senate Bill 222 undertakes to amend Articles 1.02, 1.03, 1.04, 1.05, 1.06, 1.07, 1.08 and 1.09 of the Insurance Code and does not refer to art. 21.07–1. The articles amended are set out fully in their amended form as provided by Sec. 36 of art. III of the Constitution of the State of Texas, Vernon's Ann.St. Appellants, on the other hand, assert that the caption of the bill indicates that the Legislature intended to do more than merely amend the articles designated. The caption sets out in more or less detail certain matters covered by the bill, in addition to referring specifically to said articles amended. It definitely provides for appeals from the

decisions of the Commissioner and the Board, and further provides that all laws and parts of laws in conflict with the provisions of the Act are repealed to the extent of such conflict only. Thus, it clearly discloses that the bill contains provisions covering appeals and also the repeal of conflicting laws. See Shannon v. Rogers, Tex. Sup., 314 S.W.2d 810.

■ Sec. 36 of Article III of the Constitution of Texas has no application to the instant case, for the reason no contention is made that Sec. 21.07–1 was amended by Senate Bill 222, but only that the conflicting and repugnant provisions therein were repealed. See Thompson v. United Gas Corporation, Tex.Civ.App., 190 S.W.2d 504, writ ref.

■■ Appellee contends that Senate Bill 222 could not repeal a repugnant provision in Article 21.07–1 because said bill as enacted is a general statute and Article 21.07–1 is a special statute. As we view the matter, it is not necessary for us to decide whether such statutes, either or both, should be construed to be general or special since it is clear that the Legislature intended that the very definite and comprehensive procedure for appeals provided for in Senate Bill 222 should supersede conflicting laws relating to appeals, including Sec. 13 of art. 21.07–1. "Canons for the construction of statutes have but a single objective—the discovery of a true legislative intent." Johnson v. Ferguson, Tex. Civ.App., 55 S.W.2d 153, 157, error dism.

■ Senate Bill 222 not only provides for appeals from all decisions of the Commissioner of Insurance and the State Board of Insurance, but it also abolishes the office of Life Insurance Commissioner, from whose decisions an appeal formerly might be taken to the District Court direct, under Sec. 13 of art. 21.07–1. The two statutes are thoroughly inconsistent, repugnant and irreconcilable with respect to appeals and the procedure to be followed. Under such circumstances, the provisions of the last

act must prevail. Townsend **v.** Terrell, 118 Tex. 463, 16 S.W.2d 1063.

See Steinhagen v. Eastham, Tex.Civ. App., 233 S.W. 660, 663, affirmed 111 Tex. 597, 243 S.W. 457, in which the Court of Civil Appeals stated:

"We do not question the general rule of statutory construction quoted by appellees that 'a general law does not by implication repeal a special one, although both relate to the same subject-matter,' but it has no application when the language of the general act clearly manifests an intention on the part of the Legislature to make such change."

In Jefferson County v. Board of County & District Road Indebtedness, 143 Tex. 99, 182 S.W.2d 908, 915, cited by appellee, the Supreme Court, through Chief Justice Alexander, after stating the general rule of statutory construction, added, "The intention to repeal special Acts embodying conflicting provisions must be clearly evidenced."

In our opinion, the intention of the Legislature to repeal the inconsistent procedures with respect to appeals in insurance cases is clearly evidenced by the provisions of the bill considered in the light of the purpose sought to be attained by its enactment.

Ex parte Coleman, 157 Tex.Cr.R. 37, 245 S.W.2d 712, relied on by appellee, does not hold contrary to the law as hereinabove expressed. In that cause there were two statutes enacted during the same session of the Legislature. Under the in pari materia rule there was a strong presumption that the statutes were actuated by the same policy and should be harmonized if possible.

Appellants' Third Point is to the effect that the court erred in overruling their plea of privilege since appellee's cause of action is a suit for mandamus against the head of a department of the State Government within the meaning of Sec. 20, art. 1995, Vernon's Ann.Tex.St., which requires such actions to be brought in Travis County. Appellee contends that her suit is one for review of a decision of the Commissioner of Insurance and that she is seeking merely to appeal from such decision and that her suit is not one for mandamus. She also contends that appellants did not plead Sec. 20 of art. 1995 as a ground for transferring the case to Travis County.

 While appellee did not in her petition use the word "mandamus", she did allege that it was the legal duty of the appellants to issue to her a license to act as a legal reserve life insurance agent under the provisions of art. 21.07–1 of the Texas Insurance Code, 1955. She then prayed that the court "enter an order granting this Plaintiff a license to act as a legal reserve life insurance agent in the State of Texas with a further order that defendants prepare and mail to Plaintiff a proper and usual identification card showing that Plaintiff has been duly licensed to act as a legal reserve life insurance agent, and that said identification card be sent to Plaintiff without delay and without Plaintiff being required to take any written examination or to pass any further test." In effect she seeks to mandamus appellants to issue a license to her.

 The allegation in appellants' plea of privilege that the only statute in effect required the suit to be brought in Travis County, in the absence of an exception, was sufficient to put Sec. 20, art. 1995, in issue as a further ground for transferring the case to the District Court of Travis County.

 We are of the opinion that Sec. 13 of art. 21.07–1 was repealed by Senate Bill 222, and that appellee's suit, in addition to being an appeal from the ruling of the Commissioner of Insurance, is also a suit for mandamus. The case should have been transferred to the District Court of Travis County.

Reversed and remanded, with instructions to the trial court to transfer the cause to the District Court of Travis County.