STATE of Texas ex rel. L. H. WINELL et al., Appellants,

v.

CITY OF HARLINGEN et al., Appellees.

No. 13456.

Court of Civil Appeals of Texas.

San Antonio.

April 15, 1959.

Rehearing Denied May 13, 1959.

Greenwood & Russell, Harlingen, F. T. Graham, Dist. Atty., Brownsville, for appellants.

Coneway & Forrester, Harlingen, for appellees.

MURRAY, Chief Justice.

This is a quo warranto proceeding instituted by Hon. F. T. Graham, County and Criminal District Attorney of Cameron County, Texas, in the name of the State of Texas on the relation of L. H. Winell and forty-four other home and landowners, who collectively own about 1,-900 acres out of a total of 7,200 acres of land lying around the perimeter of the City of Harlingen, a city of some 30,000 inhabitants, which 7,200 acres were purportedly annexed to that City by an ordinance numbered 1956–1, dated March 14, 1956, against the City of Harlingen, a home rule city, its mayor and other officers, seeking to have this annexation ordinance declared null and void, and further seeking an injunction against the city from levying and collecting city taxes on their lands or from in any other way putting the ordinance of March 14, 1956, into effect.

The defendants made a motion for summary judgment, supported by affidavits, which motion was granted by the court and judgment was rendered that plaintiffs take nothing, from which judgment plaintiffs have prosecuted this appeal.

The City of Harlingen is a home rule city created under Article XI, § 5, of our State Constitution, Vernon's Ann.St. (the City Home Rule Amendment) and Title 28, Chapter 13, Vernon's Ann.Civil Stats. (Home Rule Enabling Act), and it has all of the broad powers given to home rule cities in this State, especially those powers set forth in Section 2, Art. 1175 and Art. 1182b, Vernon's Ann.Civ.Stats., relating to the annexation of territory adjacent to such cities. There is no contention presented upon this appeal that the ordinance was not properly enacted, nor that it is legally insufficient as to form.

Appellants present ten points, and their entire complaint may be summed up as follows:

That the annexation without the consent of the annexed and the imposition of the existing City Charter, existing city ordinances, and existing city bonded debt upon appellants and their properties was:

(1) A denial of equal protection of the law in contravention of the Fourteenth Amendment to the Constitution of the United States; and

(2) A taking of appellants' properties without due process of law in contravention of the Fourteenth Amendment to the Constitution of the United States; and

(3) Retroactive in effect upon the appellants in contravention of Article 1, § 16, Constitution of the State of Texas, and Article 1, § 9, Clause 3, of the Federal Constitution.

Appellants further contend that their lands were annexed for tax purposes only, and that they have not been given the municipal services or benefits which are furnished to citizens and lands formerly included in the City of Harlingen.

All of these questions have been before our Courts and have been decided against the contentions of appellants.

In Cohen v. City of Houston, Tex.Civ. App., 176 S.W. 809, it was held that under the Constitutional provision, Art. 11, § 5, and Art. 1175 et seq., Vernon's Ann.Civ. Stats., an annexation ordinance of a home rule city was valid although the occupants and landowners of the annexed territory were not given a right to vote upon the question of annexation. Allen v. City of Austin, Tex.Civ.App., 116 S.W.2d 468, writ refused, is to the same effect.

In City of Houston v. State, 142 Tex. 190, 176 S.W.2d 928, 930, the Court said:

"The Court of Civil Appeals [171 S.W.2d 203] correctly stated in its opinion that it was not concerned with the motives of the governing body of the City of Houston in undertaking to annex the territory involved, and correctly pointed out that home rule cities in altering their boundaries must observe the procedure prescribed by the enabling act. * * *

"It is contended by West University Place, in effect, that since the annexation of the territory, if upheld, will be to so circumscribe it territorially that it cannot thereafter expand its boundaries, the annexation ordinance should be declared void on the ground that such was the purpose of the City of Houston's governing body in enacting the ordinance rather than a purpose to serve the city's municipal needs. We overrule this contention. * * *

" * * * "Now the power of a Home Rule City to fix its boundaries is the power to legislate. Prior to the adoption of the Home Rule Amendment to the State Constitution, the Legislature could fix or alter the boundaries of an incorporated city, and it was held in Graham v. Greenville, 67 Tex. 62, 2 S.W. 742, that such power was not restricted by the State Constitution. The Home Rule Amendment took this legislative power from the Legislature and conferred it upon cities which adopted a Home Rule Charter. Of course, in altering their boundaries cities must observe the procedure prescribed by the enabling act. * * * This power of a Home Rule City to annex territory, being legislative power, is therefore not subject to being revised by the judicial power of the courts. * * *'

* * * * * *

"It cannot be validly questioned that the power of home rule cities to extend their boundary limits is subject to such further limitations consistent with the Home Rule Amendment as the legislature may prescribe. * * * Their present power in this regard, so far as legislative action is concerned, is limited only by the requirement that the territory to be used for that purpose must be adjacent to such municipality. As pointed out in State v. City of Waxahachie, 81 Tex. 626, 17 S.W. 348, if any reasons exist for further limitations they should be addressed to the legislature."

In State ex rel, Graves v. City of Sulphur Springs, Tex.Civ.App., 214 S.W.2d 663, 664, writ ref., n. r. e., the Court said:

"It is now the law that the action of a Home Rule City in annexing territory adjacent to it under authority of the constitutional and statutory provisions set out above is legislative in character and cannot be disturbed by courts of justice in this state so long as the procedure employed by the city is regular. * * *

"Under the above holdings appellants' allegations become immaterial

and the trial court was correct in sustaining the exceptions thereto. * * * This is true for the reason as said above, no attack is made on the regularity of the proceedings by the city in annexing the territory, and admittedly the annexed territory lies adjacent to the city."

See also: State ex rel. Pan American Production Co. v. Texas City, Tex., 303 S.W.2d 780; City of El Paso v. Tuck, Tex.Civ. App., 282 S.W.2d 764; State ex rel. Martin v. City of Waxahachie, Tex.Civ.App., 248 S.W.2d 971; Smallwood v. City of Dallas, Tex.Civ.App., 216 S.W.2d 272.

Each contention made by appellants has been decided against them as is demonstrated by the above decisions.

The trial court did not err in granting a summary judgment in appellees' favor and accordingly the judgment is affirmed.