

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 26, 2010

The Honorable Troy Fraser
Chair, Committee on Natural Resources
Texas State Senate
Post Office Box 12068
Austin, Texas  78711-2068

Opinion No.  GA-0792

Re:  Status of particular tracts of land annexed into one groundwater conservation district and subsequently included in special legislation creating a different district  (RQ-0817-GA)

Dear Senator Fraser:

Your predecessor asked about the status of four tracts of land, each of which was annexed into a groundwater conservation district and subsequently included in a different district created by special legislation.[1]  In each case, an existing district, on petition of a landowner, annexed a parcel of land in an adjacent county.  The Legislature subsequently established in each adjacent county a new district with boundaries coterminous with that of the adjacent county.  We are asked about the present status of the parcels of land that were annexed by the original districts and later included in a newly-created groundwater conservation district.  Because we do not have sufficient information to determine, in any particular case, whether facts exist that would implicate constitutional limitations, such as impairment of contracts, we will limit our answers to issues of statutory construction.  With that caveat, we will address each of the four scenarios in turn.

## I.    The Panhandle and Hemphill Districts

In 1994, certain landowners petitioned the board of the Panhandle Groundwater Conservation District to annex a particular tract of land in Hemphill County, and the Panhandle District board granted the petition on August 3, 1994.[2]  In 1995, the Legislature by special law created the Hemphill County Underground Water Conservation District pursuant to article XVI, section 59 of the Texas Constitution.  *See* Act of May 8, 1995, 74th Leg., R.S., ch. 157, 1995 Tex. Gen. Laws 1007, 1007–09.  The boundaries of the district were declared to be "coextensive with the boundaries of Hemphill County."  *Id.* § 3, at 1007.

The Hemphill District's enabling legislation granted to its board "all of the rights, powers, privileges, authority, functions, and duties provided by the general law of this state, including

---

[1]Request Letter (*available at* http://www.texasattorneygeneral.gov).

[2]Brief from Monique Norman, Attorney at Law, on behalf of the Panhandle District at 1 (Oct. 5, 2009).

Chapters 50 and 52, Water Code, applicable to underground water conservation districts created under Section 59, Article XVI, Texas Constitution," excepting the power of eminent domain. *See id.* § 5. In 1995, however, the Legislature repealed chapter 52 of the Water Code, effective September 1, 1995. The same bill that repealed chapter 52 enacted chapter 36 of the Water Code, applicable to groundwater conservation districts. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 933, §§ 2, 6, 1995 Tex. Gen. Laws 4673, 4679–4701. Thus, both the Panhandle and Hemphill Districts currently occupy the status of a "groundwater conservation district" under chapter 36.

A Texas court has held that "two governmental entities may not exist at the same time over the same territory *for the same purpose.*" *Glasscock Underground Water Conservation Dist. v. Pruit*, 915 S.W.2d 577, 584 (Tex. App.—El Paso 1996, no writ) (emphasis added). Because both the Panhandle and Hemphill Districts are chapter 36 districts, they operate *for the same purpose* and thus the tract may not, under the language of *Pruit*, and in the absence of legislation to the contrary, be included within the territory of both districts. The question before us is therefore whether the tract is part of the Panhandle District or part of the Hemphill District.

A political subdivision has no contractual right in its boundaries, and "the Legislature has the same authority to enact legislation decreasing boundaries as it does to validate ordinances increasing boundaries." *City of Deer Park v. State ex rel. Shell Oil Co.*, 275 S.W.2d 77, 82 (Tex. 1954). Subject only to constitutional limitations, the power of the Legislature to fix the boundaries of a political subdivision is plenary. *Steinhagen v. Eastham*, 233 S.W. 660, 663 (Tex. Civ. App.—Beaumont 1921), *aff'd*, 243 S.W. 457 (Tex. 1922). Indeed, the Legislature has demonstrated that it knows how, if it so chooses, to carve out land that has been annexed by a district and to leave that land outside of a new district when enacting legislation creating the new district. *See* Act of May 24, 1989, 71st Leg., R.S., ch. 653, §§ 3, 14(a), 1989 Tex. Gen. Laws 2153, 2154–55 ("This Act shall not apply to any lands which have been annexed into the Glasscock County Underground Water District . . . prior to the effective date of this Act."). Accordingly, the 1995 special law creating the Hemphill District prevails over the prior annexation of the tract by the Panhandle District pursuant to general law.

## II.     Jeff Davis and Contiguous Districts

The Jeff Davis County Underground Water Conservation District was created by special law in 1993. The boundaries of the district are "coextensive with Jeff Davis County." *See* Act of May 31, 1993, 73d Leg., R.S., ch. 641, § 3, 1993 Tex. Gen. Laws 2414. The Presidio County Underground Water Conservation District was created at the same legislative session. The boundaries of the Presidio District are "coextensive with Presidio County." The Presidio District required an election "to confirm establishment of the district." *See* Act of May 28, 1993, 73d Leg., R.S., ch. 453, §§ 3, 7(a), 1993 Tex. Gen. Laws 1826, 1827. A confirmation election was not held until August 31, 1999 at which time the establishment of the district was confirmed.[3] Prior to that election, however, a single landowner in Presidio County had petitioned for annexation to the Jeff

---

[3]Telephone Conversation with Janet Adams, Manager, Jeff Davis District and Presidio District (Oct. 13, 2009) [hereinafter Adams Conversation].

Davis District. The Jeff Davis District's board of directors granted the petition in April 1999. As was the case with the Panhandle and Hemphill Districts, the special law creating the Presidio District prevails over the prior annexation by the Jeff Davis District pursuant to general law. It follows that, for purposes of statutory construction, the tract in question is exclusively within the territory of the Presidio District.

In 1999, the Legislature by special law created thirteen new groundwater conservation districts, among them the Middle Pecos Groundwater Conservation District. The boundaries of the Middle Pecos District are "coextensive with the boundaries of Pecos County." One provision of the special law required a confirmation election to be held "[n]ot earlier than September 1, 2001." Another provision declared, however, that "[n]otwithdtanding the provisions of Section 10 of this Act, an election for the confirmation of the creation of a groundwater conservation district under this Act and for the selection of initial directors for such district shall not be held unless action is taken by the 77th Legislature in its Regular Session to ratify the creation of the district." *See* Act of May 28, 1999, 76th Leg., R.S., ch. 1331, §§ 1, 2(7), 10(a), 15(a), 1999 Tex. Gen. Laws 4536, 4536, 4539.

In November 2000, the Jeff Davis District's board granted a single landowner's request to annex his land to the Jeff Davis District. Adams Conversation, *supra* note 3. The next legislative session, however, ratified the creation of the Middle Pecos District. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1299, § 1, 2001 Tex. Gen. Laws 3177. On the basis of the primacy of the special law creating the Middle Pecos District over the annexation by the Jeff Davis District pursuant to general law, we conclude that the tract in question, for purposes of statutory construction, is exclusively within the territory of the Middle Pecos District.

The same landowner in Pecos County who petitioned the board of the Jeff Davis District in November, 2000 to annex his Pecos County property simultaneously petitioned the board to annex his land in Brewster County. The Jeff Davis District board subsequently granted his petition. Adams Conversation, *supra* note 3. The following year, the Legislature by special law created the Brewster County Groundwater Conservation District. The boundaries of the district are "coextensive with the boundaries of Brewster County." The Brewster District was subsequently ratified in a confirmation election required by the special law. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1291, §§ 1, 3, 9, 2001 Tex. Gen. Laws 3117, 3118. Because, as we have indicated, section 36.052 of the Water Code provides that a "special law governing a specific district shall prevail over" chapter 36, including its provisions regarding annexation, we conclude that the tract at issue here, for purposes of statutory construction, is currently a part of the Brewster District. TEX. WATER CODE ANN. § 36.052(a) (Vernon 2008).

We emphasize that the conclusions we have reached in the above scenarios apply only to the status of the referenced tracts under principles of *statutory* law. In any particular case, there may be constitutional considerations that would require a different result.

## S U M M A R Y

Two different political subdivisions may not exercise jurisdiction over the same territory at the same time and *for the same purpose*. For purposes of *statutory* law, the 1995 special law creating the Hemphill County Underground Water Conservation District prevails over the prior annexation of territory by the Panhandle Groundwater Conservation District pursuant to general law. A disputed tract of land claimed both by the Jeff Davis County Underground Water Conservation District and the Presidio County Underground Water Conservation District is exclusively within the territory of the Presidio District. A disputed tract of land claimed both by the Jeff Davis County Underground Water Conservation District and the Middle Pecos Groundwater Conservation District is exclusively within the territory of the Middle Pecos District. A disputed tract of land claimed both by the Jeff Davis County Underground Water Conservation District and the Brewster County Groundwater Conservation District is exclusively within the territory of the Brewster District. In any of the above referenced scenarios, there may exist *constitutional* considerations that would require a different result.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee